## Howe *vs.* Savory and others.

By the terms of an agreement between S. and the plaintiff, the business relating to a joint adventure was to be done in the name of the plaintiff alone, and it was so done, in fact, S. contributing nothing to the adventure in money, services or time. The defendants dealt with the plaintiff in his individual name, and treated him as the only person interested. *Held* that the plaintiff might maintain an action to recover a balance due from the defendants on account of the adventure, without joining S. as a co-plaintiff.

*Held, also,* that if S. had in fact an interest in the subject matter of the action, as between himself and the plaintiff, the latter might be regarded as the *trustee* of S. to that extent, and, as such, entitled to sue in his own name.

The general rule is that sums received from third persons by an agent, in the business of his principal, either as profits or compensation, belong to the principal. But this rule being for the benefit of the principal, he may waive it, and with his consent the agent may retain to his own use moneys thus received. The evidence of such consent, however, should be clear and satisfactory.

APPEAL from a judgment entered upon the report of a referee.

In 1863 and 1864, the defendants were co-partners in business in New York, under the firm name of Geo. Savory & Co. and in Buenos Ayres, under the firm name of E. H. Folmar & Co. The plaintiff was in their employ as confidential clerk and book-keeper in the city of New York, down to about 24th May, 1864. While in their employ he made sundry purchases of merchandise *in his own name,* consisting of kerosene oil lamps, sewing machines and tobacco, and shipped the same *in his own name* from New York, consigned to the defendants at Buenos Ayres. Before the purchase, it was contemplated between him and one Augustus T. Savory, that the latter should be jointly and equally interested in the purchase, and that each should furnish one half the capital. The first two shipments were paid for by the checks of the defendants, and were charged on their books to an account headed "H. & S. shipments per *Providence* and *Candace.*" The two other shipments were paid for by moneys raised upon the joint note of the plaintiff and A. T. Savory. The note was subsequently paid and taken up by the plain-

tiff, who has ever since held it. On the 24th May, 1864, the defendants were indebted to the plaintiff on an account current in the sum of $2261.47, and he called on them for payment. They refused it, unless their advances ($2026.69) for the payment of the goods shipped by the *Providence* and *Candace* were deducted. The plaintiff expressed a willingness to deduct one half, but the defendant Savory refused to settle on those terms, and insisted that it was the plaintiff's individual matter, and that the charge on the defendants' books against him and A. T. Savory jointly was a mistake, and that the advances should have been charged to the plaintiff's private account, as it was his individual business. The advances were finally allowed and deducted from the account, leaving a balance of $234.78, which the defendants paid to the plaintiff, and charged the advances to his individual account on their books. Subsequently he called upon A. T. Savory to pay one half of the amount so deducted, and also one half of the amount of the note above mentioned, but he refused payment, and, in fact, he never contributed any thing in time, money, or services to the adventure. At the time of the third shipment the plaintiff made another shipment by the same vessel, *in his own name*, under the same consignment, which was made on the joint account of himself and one John T. Lanman. All of the goods thus shipped were duly received by the defendants' firm at Buenos Ayres, and sold for account of the owner. A part of the proceeds of sale they invested in a quantity of dry hides, and shipped the same to the plaintiff *in his individual name*, some of which were in his hands, and unsold at the time of the commencement of this action. On the 15th of November, 1864, they rendered him an account of sales, showing a balance of $301.50 in his favor, and at the same time wrote him stating that they had interested him to that extent in an invoice of twelve bales of horse hair which they had shipped to their house here. In February, 1865, he called upon them for an account of sales of the horse hair, and on the 21st of that

month they rendered him a statement of sales showing a balance of $686.96 to *his individual credit.* This balance they refused to pay over, and this action was brought to recover the amount.

The answer sets up the non-joinder of A. T. Savory as a party plaintiff, and also a counter-claim of $742.13 for moneys had and received by the plaintiff for the defendants' use. The facts in regard to the counter-claim are as follows : While the plaintiff was in the defendants' employ, he purchased goods for them of Thomas D. Moore & Co. upon which they paid him a commission of $137 out of their profits. He collected and received this amount at the express suggestion, and with the consent of the defendants. He subsequently purchased goods from two other parties, and received from them commissions amounting to $491.92

The referee disallowed the counter-claim, and rendered judgment for the plaintiff for the amount of his claim ; from which judgment the defendants appealed.

*Weeks & Foster,* for the appellants.

*Henry W. Johnson,* for the respondent.

JAMES C. SMITH, J. I think the defense of the non-joinder of Augustus T. Savory as a party plaintiff was properly overruled, in view of the peculiar circumstances of the case. By the terms of the agreement between him and the plaintiff, as found by the referee, the business relating to their joint adventure was to be done in the name of the plaintiff alone, and it was so done in fact. Savory contributed nothing to the adventure in money, services or time. The defendants dealt with the plaintiff in his individual name, and treated him as the only person in interest. Under these circumstances, I am of opinion the plaintiff may properly maintain the action. If Savory has, in fact, an interest in the subject matter of the action, as between himself and the plaintiff,

Howe *v.* Savory.

the latter may be regarded as the trustee of Savory to that extent, and as such entitled to sue in his own name.

The defendants set up a counter-claim for moneys received by the plaintiff, from third persons, by way of commissions on goods purchased of them by him as the clerk of the defendants, and on their account. The general rule is that sums received from third persons by an agent in the business of his principal, either as profits or compensation, belong to the principal. This rule being for the benefit of the principal, he may waive it, and with his consent the agent may retain to his own use moneys thus received. The evidence of such consent, however, should be clear and satisfactory. In the present case the referee has found that the commissions paid by Moore & Co. were received by the plaintiff with the express consent of the defendants, and at their suggestion. The counter-claim for the item was, therefore, properly disallowed. But it is not found that the commissions paid by Suplee and by Morrison were received by the plaintiff with the defendants' consent or knowledge, or that there was any waiver of the rule as to those items. It follows that the plaintiff is not entitled to retain them, and that the counter-claim should be allowed to that extent.

The judgment should be reversed, and a new trial ordered, unless the plaintiff will remit the amount of the commissions received from Suplee & Morrison, with interest thereon, in which case the judgment, so reduced, should be affirmed, with costs.

INGRAHAM, J. The evidence shows that the commissions from Moore & Co. were received by consent of the defendants; and such consent may be inferred as to the commissions paid by the others, and from the knowledge of the defendants that the plaintiff was so acting, without any objection on the part of the defendants.

LEONARD, P. J. dissented.          Judgment reversed.

[NEW YORK GENERAL TERM, April 3, 1867. *Leonard, Ingraham* and *J. C. Smith,* Justices.]