(98 App. Div. 308)

### MEINHARDT v. EXCELSIOR BREWING CO.

(Supreme Court, Appellate Division, Second Department.   November 18, 1904.)

1. ACTION—PARTY PLAINTIFF—TRUSTEE OF EXPRESS TRUST—PARTNERSHIP—
   STATUTE.
      A fund taken from a business conducted by a husband and wife as partners, and deposited with a person from whom they were purchasing goods on credit as a guaranty of payment of the purchase price, for which a receipt was taken from the depositary in the name of the husband alone without the knowledge of the depositary that the wife was interested in the business, may be recovered from the depositary at the suit of the husband alone, as the trustee of an express trust, under Code Civ. Proc. § 449, providing that a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted, and defining a trustee of an express trust as a person with whom or in whose name a contract is made for the benefit of another.

Appeal from Municipal Court, Borough of Brooklyn, First District.
Action by George Meinhardt against the Excelsior Brewing Company. From a judgment for defendant, plaintiff appeals. Reversed.
For former opinion, see 81 N. Y. Supp. 1042.
Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Adolph Feldblum, for appellant.
Victor E. Whitlock, for respondent.

WOODWARD, J. The judgment appealed from was rendered upon the following agreed statement of facts:

"The plaintiff and his wife were jointly the proprietors of a liquor business which was furnished with beer by defendant. Defendant refused to deliver any more beer to the place unless security for payment of bills was given. In consequence thereof, on July 24, 1902, plaintiff paid to defendant the sum of one hundred dollars, taken out of the business, as security for the payment of beer bills. The defendant at that time believed plaintiff to be sole owner of the business, and plaintiff did not inform it that he and his wife owned

jointly the one hundred dollars deposit fund, as well as the business. The defendant delivered to the plaintiff a receipt for the sum, which is on file, with the papers in this action, marked 'Plaintiff's Exhibit 2.' Nothing is due to defendant for beer which is chargeable against the sum deposited. The money was demanded by plaintiff from defendant on December 11, 1902, but was not returned to him, and is still in defendant's possession. Plaintiff's wife is now a resident of the city of New York."

The receipt, Plaintiff's Exhibit 2, referred to in the statement of facts, is as follows:

"New York, July 24, 1902.

"Received from Henry Meinhardt one hundred dollars as guarantee for beer.

"$100 ⁰⁰/₁₀₀.                                        The Excelsior Brewing Co."

Judgment was rendered dismissing the complaint, on the ground that there was a defect of parties plaintiff, in that the action was not brought by both the plaintiff and his wife, and from that judgment the plaintiff appeals to this court.

Section 449 of the Code of Civil Procedure provides that:

"Every action must be prosecuted in the name of the real party in interest, except that * * * a trustee of an express trust, * * * may sue, without joining with him the person for whose benefit the action is prosecuted. A person, with whom or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

It is admitted that the plaintiff and his wife were partners in the business from which the fund was taken, and were jointly the owners of that fund at the time it was deposited with the defendant. The "real party in interest" was therefore the partnership, and the action should have been brought by both the plaintiff and his wife, as partners, unless the contractual relations of the plaintiff and the defendant are within one of the exceptions mentioned in section 449.

It is contended on the part of the plaintiff that he was the trustee of an express trust in respect to the fund sought to be recovered, in that the defendant's contract to return the fund was made with him and in his name for the benefit of the partnership; and this contention seems to find ample support when the literal wording of the section is applied to the transaction between the parties. The part of section 449 of the present Code relating to trustees of express trusts is substantially the same as sections 111 and 113 of the former Code. In contrasting that part of those sections, it was said in Considerant v. Brisbane, 22 N. Y. 389:

"It is intended, manifestly, to embrace not only formal trusts declared by deed inter partes, but all cases in which a person, acting in behalf of a third party, enters into a written, express contract with another, either in his individual name, without description, or in his own name, expressly in trust for, or on behalf of, or for the benefit of, another; by whatever form of expression such trust may be declared. It includes not only a person with whom, but one in whose name, a contract is made for the benefit of another."

The receipt given by the defendant to the plaintiff plainly indicates the agreement between the parties that the fund would be returned by the defendant when it no longer had a right to hold it "as guarantee for beer." This was a contract both "with" the plaintiff, and in his name for the benefit of the partnership.

The plaintiff deposited the fund with the defendant as agent and rep-

resentative of the partnership, doing the business in his own name, and not disclosing his representative capacity to the defendant. As between the plaintiff and defendant, the defendant's liability was to the plaintiff, and the contract with the defendant was the plaintiff's contract. Weed v. The Hamburg-Bremen Fire Ins. Co., 133 N. Y. 394, 31 N. E. 231. Payment of a judgment recovered by the plaintiff would fully protect the defendant from the claims of third persons, and this is the test whether the plaintiff is the real party in interest. St. James Co. v. Security Trust & Life Ins. Co., 82 App. Div. 242, 81 N. Y. Supp. 739. The case of Secor v. Keller, 4 Duer, 416, has not been overlooked. This case, decided in the Superior Court, holds that even a dormant partner is a necessary party plaintiff, where the transaction constituting the subject-matter of the action was with and in the name of an ostensible partner. This case has not been cited as an authority in later cases, and its soundness has been questioned by text-writers. It is not controlling here, and is not in harmony with the weight of authority.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event. All concur.