EUGENE C. STRAIGHT, Respondent, *v.* FRANK E. SHAW, Appellant.

(County Court, Chautauqua County, November, 1907.)

Parties — Objections and waiver thereof — Objections — Manner of raising objections — By pleading.
Conversion, Tortious — What constitutes — Property subject of — Money in bank.

> The defendant may not avail himself of the defense that the plaintiff is not the real party in interest unless he has pleaded it.
>
> Where plaintiff agrees with defendant, who has a contract with a hotel company, to furnish butter to the hotel, part of the proceeds to remain plaintiff's property and to be deposited in bank to meet defendant's checks, drawn in advance of the deposit, by which the money was to be transmitted to plaintiff; and where the money is deposited accordingly to meet a certain check sent plaintiff by defendant· but defendant stops payment of the check and draws out the money and applies it to his own use, the plaintiff may maintain an action for conversion against him.
>
> As between the parties the money belonged to plaintiff, though deposited in defendant's name, and as to such money defendant was merely plaintiff's agent.

APPEAL from a judgment of a Justice's Court rendered in favor of plaintiff.

Werner & Farnham, for appellant.

Stearns, Thrasher & Sullivan, for respondent.

OTTAWAY, J.   This is an appeal from a judgment of a Justice's Court entered upon a verdict of a jury. By its verdict the jury have determined the facts in favor of the plaintiff. The allegations and proofs of the plaintiff are in effect that the plaintiff, the manager of a co-operative factory manufacturing dairy products at Cassadaga, N. Y., at the instigation of the defendant, entered into an arrangement with the defendant whereby certain of the butter products of the factory were to be forwarded to Manhattan Hotel Com-

pany of New York city with whom the defendant had a contract. It was agreed that a portion of the proceeds of this butter was to be and remain the property of the plaintiff. These proceeds were to be deposited in the name of the defendant for the plaintiff in the Lincoln National Bank of New York city and should be transmitted to the plaintiff by the check of the defendant. It was agreed that this check should be given in advance of the deposit of the money at or about the time the butter was shipped to the hotel.

Pursuant to this arrangement the plaintiff furnished butter to the Manhattan Hotel Company for some months. The money was deposited in the Lincoln National Bank and transmitted to the plaintiff by checks as provided by the agreement. Finally a check of $200 was drawn upon the Lincoln National Bank payable February 2, 1904, to transmit the money which under the agreement of plaintiff and defendant would be deposited February 1, 1904. Prior to February 2, 1904, the Manhattan Hotel Company deposited proceeds of the butter shipped by the plaintiff in the Lincoln National Bank. Before this check was presented the defendant went to the bank and directed the bank to refuse payment upon the check, drew the money from the bank and used it for his own purposes.

The plaintiff brings an action for conversion. From the judgment rendered the defendant appeals, contending that said judgment ought to be reversed for three reasons: *First*. The plaintiff is not the real party in interest. *Second*. No conversion was proven. *Third*. The admission of improper testimony.

The defendant is not in position to urge his first objection. The answer to plaintiff's complaint was a general denial. There is no allegation in the answer that the plaintiff was not the proper person to bring the action and the defendant must be deemed to have waived that defense if it existed. Coffin v. Grand Rapids H. Co., 136 N. Y. 655; Duncan v. China Mut. Ins. Co., 129 id. 237; Meinhardt v. Excelsior Brewing Co., 98 App. Div. 308.

If there had been no waiver, section 449 of the Code of Civil Procedure, providing that the trustee of an express

County Court, Chautauqua County, November, 1907. [Vol. 56.

trust may sue without joining with him the person for whose benefit the action is prosecuted and providing that a person with whom or in whose name a contract is made for the benefit of another is a trustee of an express trust, furnishes ample authority to the plaintiff to maintain his action.

Under the evidence of the plaintiff an action of conversion will lie. Every unauthorized taking of personal property and all intermeddling with it beyond the extent of the authority conferred, in case a limited authority has been given, with intent so to apply and dispose of it as to alter its condition or interfere with the owner's dominion is a conversion. Laverty v. Snethen, 68 N. Y. 524.

In this case the plaintiff retained a portion of the proceeds of the butter as his own property. This he had a right to do. The defendant acquired only such interest and right as the contract gave him. So far as the proceeds of the butter which form the basis of this action are concerned, the defendant was acting as the agent of the plaintiff. He had no right to use this money for his own purposes. He admits that this money was deposited in this bank and that this money was the proceeds of the butter of the plaintiff. He admits that he appropriated it to his own use. These admissions coupled with the plaintiff's evidence as to the agreement make out a case of conversion.

There are no questions as to the rights of creditors in this case and the rights of the parties are to be determined by the agreement made between them. The fact that this money was to be deposited in a bank to the credit of the defendant to be by him transmitted to the plaintiff by means of a check makes no difference as to the ownership of the money. It was a method chosen to accomplish a purpose. There is no mystery or sanctity respecting the bank's connection with this matter. It simply served as a depository of funds for the convenience of the parties. The relation of the parties and the rights to the proceeds remain the same, and were governed by their agreement. Hurd v. Cook, 75 N. Y. 454; Roca v. Byrne, 145 id. 182.

It is the uniform practice of courts in reviewing proceed-

ings had before a justice of the peace to view them with indulgence and to sustain them by every reasonable and warrantable intendment, and section 3063 of the Code of Civil Procedure expressly provides that the appellate court must render judgment according to the justice of the case without regard to technical errors or defects which do not affect the merits. The record in this case fails to disclose the admission of any improper testimony going to the merits of the controversy.

Judgment affirmed, with costs to respondent.