(160 App. Div. 835)

### WEBER v. COLUMBIA AMUSEMENT CO.

(Supreme Court, Appellate Division, First Department. February 20, 1914.)

1. LANDLORD AND TENANT (§ 49*)—BREACH OF CONTRACT—ACTION—PARTIES PLAINTIFF.

A company leasing a theater from plaintiff and another as partners could not defend an action brought by plaintiff in his own right and as assignee of his partner on the ground that by some other agreement to which the company was not a party and in which it was in no way interested, a third party was interested with plaintiff in the subject-matter of the action.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 117–119; Dec. Dig. § 49.*]

2. PARTIES (§ 7*)—TRUSTEE OF EXPRESS TRUST.

Partners who leased a theater to an amusement company for a term of five years, and who thereafter took in another partner under an agreement entitling him to a certain interest, could, as trustees of an express trust, maintain an action against the company for damages for its breach of the lease, so that a recovery by them would discharge the company's obligation, and make the original partners accountable to the subsequent partner; and, since their right to maintain the action as trustees would be established by the lease, it would not be necessary to expressly allege that they sued as such trustees.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 9–11; Dec. Dig. § 7.*]

3. CONTRACTS (§ 330*)—ACTIONS—PARTIES.

An action upon a contract under seal can be maintained only in the right of the parties who are, by its express terms, parties thereto.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1589, 1591–1594, 1596, 1597, 1602–1604; Dec. Dig. § 330.*]

Appeal from Trial Term, New York County.

Action by L. Lawrence Weber against the Columbia Amusement Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

See, also, 154 App. Div. 882, 138 N. Y. Supp. 879.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Daniel P. Hays, of New York City (Edwin D. Hays, of New York City, on the brief), for appellant.

George Edwin Joseph, of New York City (Leon Laski, of New York City, on the brief), for respondent.

LAUGHLIN, J. This is an action to recover damages for the breach of a contract in writing, made on the 14th day of May, 1910, between the defendant, a domestic corporation, as party of the first part, and the plaintiff and one Edward F. Rush, who, it is recited in the contract, comprised the firm of Weber & Rush, as parties of the second part. The contract further recites that the party of the first part was engaged in booking burlesque companies throughout the United States and Canada, and that the parties of the second part are the lessees of and control and manage the Mohawk Theatre in the city

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of Schenectady, New York. The parties of the second part leased said theater to the party of the first part for the period of five years from the commencement of the theatrical season of 1910–1911.

It is alleged in the complaint that the plaintiff and Rush were copartners in business under the firm name and style of Weber & Rush, and that on the 25th day of January, 1911, the copartnership was dissolved and Rush duly assigned, transferred, and set over unto the plaintiff all his right, title, and interest in and to said contract; that the plaintiff and Rush as such copartners made said contract with the defendant, and duly performed the same on their part, but that the defendant, without just cause, assumed to terminate the contract on the 10th day of June, 1912, and refused to perform the same to the damage of the plaintiff's damages in the sum of $100,000. The defendant pleaded, among other things, a defect of parties plaintiff in that one Dinkins, who was still living, was a member of the firm of Weber & Rush, and was not joined as a party.

[1, 2] The defendant showed, by the cross-examination of the plaintiff and by the lease from the owner of the Mohawk Theatre, that said lease, was made to "L. Lawrence Weber and Edward F. Rush, * * * comprising the firm of Weber & Rush and Thomas W. Dinkins"; that on the 20th day of July thereafter, Weber, Rush, and Dinkins made an agreement in writing by which they became copartners from that date and during the remainder of the term of said five-year lease of the Mohawk Theatre, and that it was therein provided that Weber & Rush should *jointly* contribute 75 per cent. of the expenses of the copartnership and Dinkins the remaining 25 per cent., and that all profits and losses should be proportioned in the same manner. During the trial, and before the plaintiff completed his proof, counsel for the defendant raised the point that the action could not be maintained without the joinder of Dinkins as a party plaintiff, and the court thereupon so ruled and directed the dismissal. It is quite clear that the court erred in so ruling. The defendant bound itself to Weber & Rush, and therefore it cannot defend an action, brought in their right, on the theory that by some other agreement, to which the defendant was not a party, and in which it was in no manner interested, a third party is interested with the plaintiff in the subject-matter of the action, for by the express terms of the contract the plaintiff and his assignor only were entitled to have it performed, and if another was interested with them they certainly could maintain the action as trustees of an express trust, and a settlement with or recovery by them would discharge the obligation, and they would be accountable to those interested with them. Considerant v. Brisbane, 22 N. Y. 389; Clarkson v. Carter, 3 Cow. 84; Mutual Life Ins. Co. v. Nicholas, 144 App. Div. 95, 128 N. Y. Supp. 902; Howe v. Savory, 49 Barb. 403; Meinhardt v. Excelsior Brew. Co., 98 App. Div. 308, 90 N. Y. Supp. 642; Davidge v. Guardian Trust Co., 136 App. Div. 78, 120 N. Y. Supp. 628; reversed on other grounds 203 N. Y. 331, 96 N. E. 751; and section 449, Code of Civil Procedure. If others were interested in this contract it was not necessary for the plaintiff expressly to allege that he sues as trustee of an express trust, for since he and Rush made the contract, that would

establish their right to maintain the action as such trustees, which distinguishes the case from Natter v. Blanchard, 153 App. Div. 814, 138 N. Y. Supp. 969, on which counsel for respondent appears to rely.

[3] It was evidently intended to execute the contract under seal, for in the witness clause it is recited that the defendant has caused "its corporate seal to be hereto affixed," and that "the second parties have hereunto set their hands and seals." The contract was executed for the defendant by one Mack, its president, and it was signed by the parties of the second part, the firm name only. The firm signature was affixed opposite two statutory substitutes for seals, which were typewritten. If, as is quite likely, this makes the lease a sealed instrument (G. V. B. Mining Co. v. First National Bank of Hailey, 95 Fed. 23, 36 C. C. A. 633; Rusling v. Union Pipe & Construction Co., 5 App. Div. 448, 39 N. Y. Supp. 216, affirmed 158 N. Y. 737, 53 N. E. 1131), the action could be maintained *only* in the right of the parties who are, by express terms, parties thereto (Henricus v. Englert, 137 N. Y. 488, 33 N. E. 550; Porter v. Baldwin, 139 App. Div. 278, 123 N. Y. Supp. 1043. See, also, Spencer v. Huntington, 100 App. Div. 463, 91 N. Y. Supp. 561, affirmed 183 N. Y. 506, 76 N. E. 1109). But in the view we take of the other point it is unnecessary to decide whether or not it is to be deemed a sealed instrument.

It follows that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.