WILLIAM C. REDFIELD and HARLEY P. WILSON, Copartners Doing Business under the Firm Name and Style of REDFIELD & WILSON, Respondents, v. NATIONAL PETROLEUM CORPORATION, Appellant.

First Department, January 13, 1922.

**Partnership — capacity to sue as copartners on contract under seal signed as syndicate managers — alleged waiver by defendant of condition in contract cannot be determined upon demurrer.**

The members of a partnership who sign a contract under seal as " syndicate managers " have legal capacity to sue as copartners in case of a breach of the contract by the other party and they have a joint cause of action for such breach.

Where a complaint alleges that a condition in a contract was waived by the defendant at the time the contract was executed, the validity of the waiver must be determined after hearing all the facts and circumstances and cannot be determined upon a demurrer to the complaint.

SMITH, J., dissents in part.

APPEAL by the defendant, National Petroleum Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of May, 1921, granting plaintiffs' motion for judgment on the pleadings, consisting of an amended complaint and defendant's demurrers thereto, and overruling defendant's demurrers with leave to serve an answer to the amended complaint.

*Frueauff, Robinson & Sloan* [*Robert S. Sloan* of counsel], for the appellant.

*Shattuck, Glenn & Ganter* and *O'Brien, Boardman, Parker & Fox* [*Garrard Glenn* of counsel; *Morgan J. O'Brien* and *DeWitt C. Jones, Jr.*, with him on the brief], for the respondents.

DOWLING, J.:

The amended complaint herein sets forth two causes of action. In the first cause of action it is alleged that plaintiffs are and at all times mentioned in the complaint were copartners doing business under the firm name and style of Redfield & Wilson and were so known to defendant, which is a foreign

corporation doing business, and having an office in the borough of Manhattan, city and State of New York, and which is engaged in the production and sale of crude oil. It is then averred that at the city of New York on or about January 28, 1920, plaintiffs and defendant entered into an agreement in writing under seal, a copy of which is annexed to the complaint and made a part thereof. In brief, this agreement provides that the defendant, therein described as the " seller," agreed to sell and deliver to plaintiffs, syndicate managers, therein described as the " purchaser," certain Mexican crude oil, beginning on July 1, 1920, at the rate of 2,000 barrels of oil per day, with an option given to the purchaser during the first two years of the contract to call for a larger quantity of said oil, up to a total of 5,000 barrels. The oil to be furnished under the contract was to be of a certain grade and quality therein specified, and the terms of payment and other details were set forth at length. There was a further provision that simultaneously with the execution of the contract the purchaser should deliver to the seller a surety bond in the sum of $25,000 executed by a surety company acceptable to the seller, such bond to be conditioned upon the performance of all the terms and conditions of the contract by the purchaser up to the value of $25,000. The contract is signed on behalf of the corporation by its president and by Redfield & Wilson, syndicate managers. The first cause of action then sets forth that there was sufficient oil available to enable at least 2,000 barrels of oil a day to be taken from the premises in question for a period of ten years from the making of the agreement; that up to and including March 26, 1920, plaintiffs duly performed all conditions on their part and duly performed all the terms and obligations which the agreement required of them on their part to be done and performed and were then and there ready and willing to perform all the terms and conditions required of them by said agreement thereafter to be performed, but that on or about said date the defendant notified plaintiffs that it would not perform said agreement or any of its obligations thereunder and that it had made other arrangements with respect to the crude oil affected by said agreement, by reason whereof plaintiffs have been damaged in the sum of $5,000,000.

The second cause of action, after repeating the allegations as to the making of the agreement in question and as to the capacity of the wells, contains the following allegation:

"11. Up to and including March 26, 1920, plaintiffs duly performed all conditions on their part and duly performed all the terms and obligations which said agreement required of them to be done and performed with the exception that plaintiffs did not simultaneously with the execution of said agreement, deliver or tender to the defendant any surety company bond as required by the article or paragraph of said agreement therein designated ' X.' But simultaneously with the execution of said agreement the defendant, acting through the same officer, to wit, its president, who in its behalf executed said agreement as therein appearing, stated to the plaintiffs that the defendant then and there dispensed with the performance of said requirement on the plaintiffs' part until such time, prior to July 1, 1920, as the plaintiffs would be ready to commence receiving oil from the defendant under said contract. In reliance on such statement, the plaintiffs forbore from furnishing a bond simultaneously with the execution of said contract, and had not furnished such a bond up to and including March 26, 1920, nor had they up to said date commenced taking oil under said contract from the defendant. On or about the date last named, however, the defendant notified the plaintiffs that it canceled said agreement, and would not perform or be bound by its terms, and had made arrangements to sell the oil constituting the subject-matter of said agreement elsewhere. Plaintiffs, in forbearing from furnishing said bond during the period aforesaid, acted in good faith and in reliance upon the action of the defendant hereinabove set forth." It is then averred that plaintiffs by reason of the premises have been damaged in the sum of $5,000,000.

The defendant has demurred to each cause of action upon the following grounds:

1. That the plaintiffs have not legal capacity to sue, in that it appears upon the face of the complaint that there is no cause of action vested in plaintiffs as copartners.

2. That the plaintiffs have not legal capacity to sue, in that it appears upon the face of the complaint that there is

no cause of action vested in plaintiffs individually or in any capacity.

3. That there is a misjoinder of parties plaintiff, in that it appears upon the face of the complaint that plaintiffs have no cause of action jointly as copartners.

4. That the complaint does not state facts sufficient to constitute a cause of action.

As to the first three points, I deem the plaintiffs' right to sue herein established by the opinion of Mr. Justice LAUGHLIN in *Weber* v. *Columbia Amusement Co.* (160 App. Div. 835).

Considering further the objection raised that the second cause of action is not good for the reason that the alleged waiver by defendant of the requirements for the giving of a surety bond was invalid, it is sufficient to say that the force and effect of the waiver in question must depend in a large degree upon the proof of what actually occurred at the time when the contract was executed and the alleged waiver made, and the precise time at which the latter was made, with reference to the other acts which then took place. Upon the face of this pleading, the case is brought within the rule laid down in *Imperator Realty Co.* v. *Tull* (228 N. Y. 447). It is, therefore, not subject to demurrer.

The order appealed from will, therefore, be affirmed, with ten dollars costs and disbursements, with leave to the defendant to withdraw its demurrers and answer within twenty days after the entry of an order herein, upon the payment of said costs and ten dollars costs of motion at Special Term.

CLARKE, P. J., LAUGHLIN and PAGE, JJ., concur; SMITH, J., dissents as to the second cause of action.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrers and to answer on payment of said costs and ten dollars costs of motion at Special Term.