## SUPREME COURT.

### IRA BENTLEY vs. WM. L. JONES and IRA ALLEN.

An allegation in a pleading that a party to an action is not the real party in interest, is bad upon demurrer; for the reason that the allegation does not involve a traversable fact, but merely a conclusion of law.

*Held*, that this principle was applicable to an allegation in the plaintiff's reply, which was as follows: "*but the plaintiff denies that the said Zebulon Jones has any interest whatever in the premises mentioned in the complaint in this action.*" Which was demurred to by the defendant, on the ground that the reply did not show how Zebulon Jones became divested of his interest acquired by virtue of a certain deed, &c., and having an interest, he was a necessary party, &c. The demurrer held to be well taken.

*Rensselaer Circuit, Dec.* 1849.—Demurrer to the plaintiff's reply to the answer of the defendant Ira Allen. The following facts appear from the pleadings. The plaintiff and Silas L. Jones, being the owners as tenants in common of the premises described in the complaint: on the 11th day of October, 1843, executed a mortgage upon the premises to David Buel, Jr., to secure the payment of $400. The mortgage was assigned on the 1st day of May, 1847, to Porter G. Dennison, and on the 9th day of April, 1849, to the defendant William L. Jones. On the 4th of April, 1848, the plaintiff filed his bill against Silas L. Jones, for the purpose of having a partition of the premises, and also for the purpose of charging the share of Silas L. Jones in the premises with the payment of the mortgage; alleging in the bill that the mortgage was given for the benefit of Jones, as the principal debtor therein, and that the plaintiff executed the mortgage as security for Jones. A decree was made in that suit on the 3d of April, 1849, confirming the report of commissioners appointed to make partition whereby a portion of the premises was allotted to Silas L. Jones, and the residue to the plaintiff. By the terms of the decree, the portion allotted to Jones was charged with the payment of the mortgage. No notice of the pendency of the suit for partition was filed until the 13th of March, 1849. The notice then filed stated that the bill had been filed for the purpose of obtaining a partition and division of the premises therein described among the owners thereof, according to their several and respective rights and interests therein.

On the 14th of September, 1848, Silas L. Jones and his wife conveyed to Zebulon Jones the equal undivided half of that part of the premises which, in the partition subsequently made, was allotted to the plaintiff. The deed was recorded on the 2d day of October, 1848.

On the 6th of September, 1848, Silas L. Jones and his wife conveyed to the defendant, Allen, the undivided half of that portion of the mortgaged premises, which, in the partition, was allotted to Silas L. Jones. This deed was also recorded on the 2d day of October, 1848.

William L. Jones, as assignee of the mortgage, commenced proceedings by advertisement under the statute for the foreclosure of the mortgage, prior to the commencement of this suit, which was on the 8th day of June, 1849. It is alleged in the complaint that Allen, when he purchased of Silas L. Jones, assumed the payment of the mortgage as a part of the consideration to be paid by him and the plaintiff, claims, that upon any sale which may be necessary to satisfy the mortgage, the portion of the mortgaged premises conveyed to Allen, be first sold, and next, that the other half of the same premises be sold.

The defendant, Allen, in his answer, alleges that "at the time of commencing this action, Zebulon Jones was, and that he still is, the owner in fee of an equal undivided half of that portion of the mortgaged premises allotted to the plaintiff by the decree in partition; and that he is, and was, from the date and delivery of the deed to him by Silas L. Jones, united in interest with the defendant, Allen, and the owners of the land covered by the mortgage, in respect to the mortgage and its liquidation and payment out of the lands covered thereby; that "with the said Zebulon Jones, if at all, joined as defendant and not without such joinder, the defendant, Allen, is liable."

It is also denied that the defendant, Allen, undertook, promised or agreed to pay off or satisfy the mortgage, or any part of it, as a part of the consideration of his purchase. The other statements in the answer are not material to the question presented by the demurrer.

The plaintiff, in his reply to the answer of Allen, says "that if Zebulon Jones had such interest as is described in the answer of the defendant, Ira Allen, in the premises in question, such interest would not be affected by having the premises sold to the said Ira Allen, as mentioned in the complaint, first sold under the said mortgage, as it is not alleged or pretended, in and by the answer of the said Ira Allen, that the said Zebulon Jones has any interest whatever, in the premises which, by this action, the plaintiff herein seeks to have first sold under said mortgage, but the plaintiff denies that the said Zebulon Jones has any interest whatever in the premises mentioned in the complaint in this action.

The defendant, Allen, demurs to "so much of the reply as seeks to avoid the joinder of Zebulon Jones as a defendant by denying "that the said Zebulon Jones has any interest whatever in the premises mentioned in the

*complaint in this action."* The grounds of demurrer are, that the reply does not show how Zebulon Jones became divested of his interest acquired by virtue of the deed from Silas L. Jones, and having an interest, he is a necessary party to a complete determination of the rights of the parties, and the defendant, Allen, is interested in having him before the court.

J. HOLMES, *for plaintiff.*

H. P. HUNT, *for defendant Allen.*

HARRIS, Justice.—The plaintiff having omitted to file a notice of the pendency of his suit for partition, neither the defendant, Allen, nor Zebulon Jones, can be charged with having constructive notice of that suit when they took their conveyances. They are not, therefore, to be affected by the decree in the partition suit, unless they purchased under such circumstances as would amount to actual notice of the suit and its object. Such actual notice, if alleged, is not admitted, and, for the purpose of this decision, it is to be assumed, that neither Allen nor Zebulon Jones is thus chargeable with notice. As between the plaintiff and Allen and Zebulon Jones, the plaintiff is at liberty, on the one hand, to insist that the undivided half of the mortgaged premises conveyed by the deeds executed by Silas L. Jones to Allen and Zebulon Jones, is equally chargeable with the payment of the entire amount of the mortgage. On the other hand, they are at liberty to insist that the plaintiff is in equity bound to pay one-half of the mortgage. Neither party is concluded by the decree in partition. So, also, as between themselves, Allen and Zebulon Jones may each insist that the portion of the premises conveyed to the other is primarily chargeable with the payment of that part of the mortgage which Silas L. Jones, as between him and the plaintiff, was bound to pay, or that the premises conveyed to each, are alike liable to contribute to such payment. As the case stands upon the pleadings, these, and perhaps others, are open questions which the parties have yet the right to litigate, and have determined upon equitable principles. And if this be so, it follows that Zebulon Jones is a necessary party to the litigation. Without having him before the court, no complete determination of the rights of the parties can be made. I think Allen had a right, therefore, to take the objection that Zebulon Jones should have been made a party to the action.

To avoid this objection, the plaintiff has denied that "Zebulon Jones has any interest whatever in the mortgaged premises." Whether he has or not is a question of law which the court is to determine, when the

facts are before it. I have just had occasion to hold, in *Russell* v. *Clapp*, that an allegation in a pleading that a party to an action is not the real party in interest, is bad upon demurrer. It is so, for the reason that the allegation does not involve a traversable fact, but merely a conclusion of law. I think the question presented by this demurrer is within the principle of that decision. What is the issue which the plaintiff here tenders? It is, whether or not Zebulon Jones has any interest in the mortgaged premises. To determine this, it must be ascertained whether the conveyance to him by Silas L. Jones is valid, and if it is, whether he has been legally divested of the interest thus acquired. The facts which are to be established in order to determine these questions, are the proper subjects of pleading and not the inferences which the court may derive from those facts, when properly pleaded and proved.

My conclusion is, that the defendant Allen is entitled to judgment upon the demurrer, but the plaintiff is to be at liberty to amend his reply within ten days after notice of this decision upon payment of the costs of the demurrer and subsequent proceedings.