MADELEINE S. STERN, Plaintiff, *v.* STANLEY R. ZENO, Defendant.

(Supreme Court, New York Special Term, October, 1921.)

Motions and orders — motion for summary judgment — Rules of Civil Practice, rule 113 — Civil Practice Act, § 1569.
Landlord and tenant — duress — Laws of 1920, chap. 136.

> A motion for summary judgment under rule 113 of the Rules of Civil Practice may be made in any pending action (Civil Practice Act, § 1569) in which such relief can be administered under the terms of said rule.
>
> Where in an action for rent under a lease to which the unreasonable rent defense statute (Laws of 1920, chap. 136) did not apply, the allegations of the answer pleading the defense of common law duress are insufficient, and the moving affidavit used upon a motion for summary judgment asserts that the denials in the answer of all the allegations of the complaint are sham, false and interposed solely for delay, the motion, under section 1569 of the Civil Practice Act, may be granted.

MOTION for judgment.

M. S. & I. S. Isaacs (Lewis M. Isaacs, of counsel), for plaintiff.

Ernest G. Metcalfe, for defendant.

McAvoy, J.    An application is here made pursuant to rule 113 of the Rules of Civil Practice for a sum-

mary judgment on the ground that the action is brought to recover a liquidated demand arising on an express contract and that there is no defense to the action. The demand is for rent due under a lease. The affidavit moving for a summary judgment is by the agent of plaintiff, who has personal knowledge of all the material allegations of the complaint and of the facts of the controversy. The rent claimed is due under an instrument of letting made in March, 1920, for an apartment for a term of three years, beginning in October, 1920. The answer denies all the allegations of the complaint and contains an alleged separate defense of duress in the making of the lease and allegations intended to bring the cause within the statutory defense of unreasonableness in the amount demanded, the lease having been made prior to the effectiveness of the unreasonable rent defense law (chap. 136 of the Laws of 1920). It has been previously held that this act does not apply to this very lease, and the defense of common-law duress is likewise insufficiently made out by the allegations of the defense in the answer. In this aspect of the case defendant presents denials of the making of the lease and taking possession of the apartment, the amount of the annual rental and the failure to pay the monthly rents due for the months for which demand is made and likewise denies any demand therefor. The plaintiff's moving affidavit asserts all these denials are sham, false and interposed solely for the purpose of delay and that there is no defense to the action. There are no answering affidavits in which these denials are sought to be supported by any facts from which it could be deduced that they were intended to be asserted with anything more than perfunctory force. The defendant defends his position on the ground that the remedy for summary judgment under the Rules of Civil Practice

(Rule 113) does not apply to actions begun prior to the 1st day of October, 1921, and that it is solely in actions commenced subsequent to that date that the Civil Practice Act and the rules made thereunder may be applied. It seems to me that this contention is wholly without merit, and that the motion for summary judgment may be made in any pending action in which such relief can be administered under the terms of the rule. Section 1569 of the Civil Practice Act covering pending actions and proceedings provides that proceedings "in an action or special proceeding taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act. * * * and subsequent proceedings in such action or special proceeding must be conducted in accordance with the rules in force on the day before this act takes effect. * * * except that the court or judge may apply thereto, in the interest of justice, any remedial provision of this act not inconsistent with the proceedings theretofore had or taken in such action or special proceeding." It cannot be denied that a provision for a motion for judgment in an action where it is alleged that the denials are wholly false is an enactment intended to give a new remedy for the better and more effective prosecution of actions pending in the court and is thus well within the definition and intent of the term remedial provision. There seems no reason in the interest of justice why the remedy proposed by the legislature should be withheld.

Motion granted.