CONTINENTAL SECURITIES COMPANY, Plaintiff, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Defendant.

GENERAL INVESTMENT COMPANY, Plaintiff, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Defendant. (Actions Nos. 1 and 2.)

CLARENCE H. VENNER, Plaintiff, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Defendant.

Supreme Court, New York Special Term, January, 1922.

Mortgage — trust mortgage — corporations — bond issue — if provisions of bond differ from trust deed former prevails — absolute promise to pay on fixed date — action by holder on securities — answer by corporation defendant — practice — order permitting trial — motion to set aside order — determination on motion not res adjudicata as to validity of defenses setting up matter in trust deed which did not appear on face of bonds — motion to set aside order for examination of directors of plaintiff to support issues raised by separate defenses — pendency of suit in federal court no bar — defenses adjudged inadequate — when summary judgment ordered — Rules of Civil Practice, rule 113.

The bonds issued by a corporation and the trust deed or mortgage given to secure the same are to be construed together and any ambiguity in the provisions of the mortgage must be construed against the corporation, and in case the provisions of the trust deed and of the bonds are inconsistent those of the latter must prevail.

The provisions of the bonds are designed to influence their sale, and where they contain an absolute promise to pay definite sums on specific dates, a right of action in case of failure to pay is implied, and a provision of the trust deed restricting such right is inconsistent and cannot prevail.

In each of three separate actions brought upon promissory notes made by defendant, a corporation, and forming part of an issue secured by a collateral indenture made with a trust company, the provisions of which relate solely to the enforcement of the collateral pledged to secure payment of the notes, the answer, apart from a denial of knowledge or information sufficient to form a belief as to plaintiff's ownership of the notes, in support of a first separate defense, quoted the following from the collateral indenture: " No holder of any note hereby secured has any right to institute any suit, action or proceeding in equity or in law for the enforcement of this indenture or for the execution of any trust hereof or for appointment of a receiver, or for any other remedy hereunder, unless such holder previously shall have given to the trustee written notice of such default and of the continuance thereof as hereinbefore provided," etc. The answer also alleged that conditions precedent to the suit had not been complied with, but there was no allegation that the matters set forth in the collateral indenture appeared upon the face of the notes. As required by section 1778 of the Code of Civil Procedure, to enable defendant to interpose a pleading, an order directing the trial of the issues in each case was granted *ex parte.* Upon the hearing of a motion made by the plaintiffs in the first two cases, to set aside the order made in the other case, the only matters passed upon were as to the sufficiency of the denial in the answer and as to the irrelevancy and scandalous nature of the matter contained in certain paragraphs of the answer constituting an alleged separate defense. The court held that the denial was good pleading, struck out portions of the answer as irrelevant and scandalous, but distinctly declined to pass upon the sufficiency and materiality of the special defenses. *Held,* that the previous orders entered and decisions made did not constitute any determination as to the sufficiency of the answer, and could not be regarded

as *res adjudicata* nor a bar to a motion under section 117 of the Civil Practice Act to set aside a notice, given under sections 288–290 of said act, of the taking by deposition before trial of the testimony of the officers and directors of plaintiff in support of the issues raised by the allegations contained in the second separate defense, on the ground that the said alleged defense was insufficient in law and created no issue, and also for summary judgment under rule 113 of the Rules of Civil Practice.

The pendency of a suit in a federal court, as alleged in the second separate defense, even though between the same parties and for the same cause, neither of which it was, was no defense to the present action although the federal court was in the same district as the state court, and being insufficient upon its face, said defense presented no issue and the testimony proposed to be taken was irrelevant and neither material nor necessary to the defense of the action.

Upon such motion, which was in renewal of a like motion made and denied on the ground that the Civil Practice Act applied, the plaintiff's ownership of the notes, the only issue presented by the pleadings, was conclusively established by affidavit, the condition imposed by rule 113 of the Rules of Civil Practice to entitle defendant to defend, is not met by an affidavit submitted in opposition to the motion, which fails to show that defendant has any proof to overcome plaintiff's evidence as to the ownership of the notes in suit, and a motion in each case will be granted upon both branches, the notice of taking testimony vacated and summary judgment directed for plaintiff in each case, with costs of the motion.

*Held*, further, that as in one of the cases no motion to strike out any portion of the answer was made and a motion for judgment withdrawn, and in another case a motion to strike out a portion of the answer was withdrawn on service of an amended answer omitting objectionable matter, but no motion was made for judgment on the pleadings, there was not even a technical claim of *res adjudicata* to obstruct the granting of summary judgment.

Motion by plaintiff, in each case, to vacate notice of taking by deposition of testimony before trial and for summary judgment.

*Elijah N. Joline* (*Louis J. Vorhaus*, of counsel), for plaintiffs.

*James L. Quackenbush* (*Delancey Nicoll* and *A. H. Cole*, of counsel), for defendant.

Burr, J. These actions are brought to recover amounts due to the plaintiff in each case from the defendant " as the owner and holder of certain notes issued by defendant, each payable to bearer or is registered to the registered holder thereof, with interest at seven per cent, on the first day of September, 1921, at the office of J. P. Morgan & Co.," and the complaint in each case alleges " that the plaintiff is and was at maturity thereof the owner and legal holder of said notes, payable to bearer; that upon the maturity of said notes the same were duly presented for payment and payment demanded, which was refused, and no part of the principal of said notes has been paid," and judgment is demanded for the amount of said notes, with interest from September 1, 1921. The answer in each case admits the making, presentment, demand and non-payment of the notes specified in the complaint, but puts in issue, by a denial of knowledge or information thereof sufficient to form a belief, the plaintiff's ownership of the notes and sets up two separate defenses: 1. That the notes in suit are part of an issue

secured by a collateral indenture made with the Bankers Trust Company, which contains a provision governing the right of the holder of any note thereby secured to institute suit for the enforcement of the indenture, and that the conditions precedent to the institution of such suit had not been complied with by the plaintiff. 2. The pendency of a prior action in the United States District Court for the Southern District of New York brought against the defendant by the Continental Securities Company as plaintiff. It also alleges that the plaintiff is not the real party in interest, but that one Clarence H. Venner is the real party in interest by reason of his domination and control of both the General Investment Company and the Continental Securities Company. The defendant has given notice, under sections 288, 289 and 290 of the Civil Practice Act, of the taking by depositions before trial of the testimony of certain of the plaintiff's officers in support of the issues raised by the allegations contained in the second separate defense. The plaintiff now moves in each case (1) that the notice of the taking by deposition before trial of the testimony of the officers and directors of the plaintiff be vacated on the ground " that the second and separate defense upon the issues raised by which it is sought to take testimony pursuant to said notice is insufficient in law upon the face thereof and creates no issue; " (2) to strike out the answer herein and that the plaintiff be granted summary judgment under rule 113 of the Rules of Civil Practice. Upon the argument of these motions plaintiff in each case produced in open court all the said notes sued upon, and presented the affidavit of its secretary or other person having knowledge of the facts showing the acquisition of said notes by purchase in the open market, the presentation and non-payment thereof, and in other respects verifying the plaintiff's cause of action in support of its demand for summary judgment, and claiming that the first defense interposed by defendant is insufficient upon its face and presents no issue of fact; that the answer is insufficient to raise the defense that the plaintiff is not the real party in interest, and that the second defense, alleging the pendency of the federal suit, is no defense. The defendant in its affidavit submitted in opposition to this motion not only persists in and reiterates the denials and defenses contained in its answer, but insists that this court has already passed upon the matter and held the answer good. In support of this claim it appears that on the 19th day of September, 1921, in the *Continental Securities Company* case and in the *General Investment Company* case an order was made *ex parte* by Mr. Justice Lydon, directing that the issues presented by the pleadings in each case be tried. That order was required by section 1778 of the Code

of Civil Procedure to enable defendant to interpose its pleading. A similar order was, on the 6th day of October, 1921, duly made by Mr. Justice Davis in the *Venner* case.  As hereinbefore stated, the answer of the defendant is identical in each of these four cases. On the 26th day of September, 1921, in the *Continental Securities Company* case and in the *General Investment Company* case a motion was made by plaintiff " for an order setting aside and vacating the order dated September 19, 1921, made by Mr. Justice Lydon, directing that the issues presented by the pleadings in the above-entitled action be tried and for judgment in favor of the plaintiff and against the defendant for the full amount prayed for in the complaint, and in case the court shall refuse to grant said relief last mentioned the plaintiff will ask the court for an order striking out the answer of the defendant and such and every part thereof as a sham answer, and that judgment be entered in favor of the plaintiff and against the defendant for the full amount prayed for in the complaint, and in case the court shall refuse to grant the relief last mentioned the plaintiff will ask for an order that judgment be entered on the pleadings in favor of the plaintiff and against the defendant for the full amount mentioned in the complaint."   In his decision denying this motion (N. Y. L. J. Oct. 26, 1921) Mr. Justice Hotchkiss  sustained the defendant's form of denial of knowledge or information sufficient to form a belief as to plaintiff's ownership of the notes, as authorized by the Code of Civil Procedure, section 500 (see, also, *Kirschbaum* v. *Erchmann*, 205 N. Y. 127), and stated that if the views he expressed respecting such form of denial as constituting a defense were sound " it is unnecessary to consider the materiality of the several pleas in abatement contained in the separate defenses."   A motion to strike out paragraphs 8 and 9 of the answer as irrelevant and scandalous, which was also argued before Mr. Justice Hotchkiss at the same time, he granted as follows: " Motion is granted to the following extent:  Folio 11, beginning with the words ' and has caused many vexatious actions,' strike out down to and including the words ' real party plaintiff ' in folio 13."   See N. Y. L. J. Oct. 26, 1921.   The 8th and 9th paragraphs of the answer now read as follows: " As and for a second and separate defense defendant alleges: *Eighth*. That at the commencement of this action there was, and now is, another action pending in the District Court of the United States for the Southern District of New York against this defendant, in which the Continental Securities Company is plaintiff; that in said action the said plaintiff prays that the court appoint a receiver for the purpose of enforcing the rights and equities of the stockholders and creditors of this defendant, mar-

shal its assets, ascertain the several respective liens and priorities existing thereon and enforce and decree the rights, liens and equities of each and all the stockholders and creditors thereof as the same may be finally ascertained and decreed by the court upon the respective interventions or applications of each and every creditor or stockholder. *Ninth.* Upon information and belief defendant alleges that Clarence H. Venner, the plaintiff herein, is also the president of Continental Securities Company, the pretended party plaintiff in said action pending in the United States District Court, and verified the complaint in said action as president; that said Clarence H. Venner dominates and controls said corporation; that said Venner is the real party in interest in the action in the United States District Court for the Southern District of New York brought by said Continental Securities Company against this defendant; that said Venner, being the real party in interest, has submitted all of his rights against this defendant to the jurisdiction of that court and defendant herein pleads the pendency of said prior action between the same parties as a bar to the prosecution of the action herein in the Supreme Court of the State of New York." It is plain, therefore, that the only matters passed upon by Mr. Justice Hotchkiss were: (1) As to the sufficiency of the defendant's denial of any knowledge or information sufficient to form a belief as to the plaintiff being the holder and owner of the notes; and (2) as to the irrelevancy and scandalous nature of the matter contained in paragraphs 8 and 9 of the answer constituting the so-called second separate defense. He held the denial in the answer to be good pleading and he struck out portions of the answer as irrelevant and scandalous. He did not and distinctly declined to pass upon the sufficiency and materiality of the special defenses or pleas in abatement as defenses. I do not, therefore, regard the previous orders entered or decisions made as in any sense *res adjudicata* and a bar to the present motion as is claimed by defendant. The orders of Mr. Justice Lydon and Mr. Justice Davis granted *ex parte* did not constitute any determination as to the sufficiency of the defendant's pleading. On the contrary, such order was under the Code of Civil Procedure (§ 1778) essentially necessary to enable defendant in an action on a note to answer at all, and the sufficiency of the answer so permitted has been passed upon by Mr. Justice Hotchkiss only to the extent above stated. A motion was previously made by plaintiff to set aside and vacate the notice to take testimony on the ground that this action was pending before October, 1921. That motion was denied by Mr. Justice Guy, who held that the Civil Practice Act applied to this action. The plaintiff now renews that motion on the ground

that the second defense is insufficient in law and creates no issue and also moves for summary judgment as previously stated. The motion in this form is permissible under the provisions of section 768 of the Code of Civil Procedure, continued in section 117 of the Civil Practice Act. See *Chapman* v. *Read*, 149 App. Div. 52. Apart from the denial, which will be considered later, the first separate defense is based on the proposition that the notes in suit are part of an issue secured by a collateral indenture made with the Bankers Trust Company, from which the answer quotes the provision upon which defendant relies in support of this defense as follows: " No holder of any note hereby secured has any right to institute any suit, action or proceeding in equity or in law for the enforcement of this indenture or for the execution of any trust hereof or for appointment of a receiver, or for any other remedy hereunder, unless such holder previously shall have given to the trustee written notice of such default and of the continuance thereof as hereinbefore provided," etc. These actions are not brought for the enforcement of the indenture or for any remedy or relief thereunder. They are brought by the holder of the notes against the maker on its primary obligation to pay the debt represented by the notes, and the bringing of such a suit is not prohibited by the clause referred to in the answer.

The common-law right to bring such suit may not be taken away by mere implication. The provisions of the collateral indenture pertain solely to the enforcement of the collateral security pledged to secure the payment of the notes and do not relate in any way to any action on the notes themselves. The said notes read as follows: " No... $1,000. United States of America. State of New York. Interborough Rapid Transit Company. Three-year secured convertible 7 per cent. gold note. Interborough Rapid Transit Company (hereinafter called the ' company '), for value received, hereby promises to pay to the bearer, or, if registered, to the registered holder hereof, the sum of one thousand dollars, on the first day of September, 1921, at the office of J. P. Morgan & Co., in the Borough of Manhattan, City of New York, in gold coin of the United States of America of or equivalent to the present standard of weight and fineness, and to pay interest thereon from September 1, 1918, at the rate of seven per centum (7%) per annum, payable in like gold coin, at such office, semi-annually, on the first day of March and the first day of September, in each and every year, until the payment of said principal sum, but only upon presentation and surrender of the annexed coupons for such interest as severally they mature, without deduction from such interest for federal income taxes (except for any such federal income taxes

in excess of two per cent.), which the company or the trustee under the indenture hereinbelow mentioned may be required or permitted to pay at the source. This note is one of an issue of notes for the aggregate principal sum of $33,400,000, all equally and ratably secured by an indenture dated September 1, 1918 (hereinafter termed 'collateral indenture'), duly executed and delivered by the company to Bankers Trust Company, trustee, pledging to and with said trustee $52,187,000 principal amount of the first and refunding mortgage bonds of the company (hereinafter referred to as the 'pledged bonds') as set forth in the collateral indenture, to which indenture reference is hereby made for a description of the nature and extent of the security and the rights of the holders of the notes and coupons and of the trustee in respect of such security. The notes of this issue, and any thereof, at the option of the company, are subject to redemption, as provided in said collateral indenture, on any day prior to maturity, upon publication in a newspaper published in the Borough of Manhattan, City of New York, of notice of such redemption at least sixty days previous to the redemption date, and upon payment to the trustee of the redemption price at the time required to be paid on such redemption, as below set forth, and upon payment also of the interest which on the redemption date shall have accrued on the notes redeemed. The several redemption prices, and the periods during which such prices respectively are required to be paid, are as follows, viz, 103 per cent. of the principal sum at any time prior to September 1, 1919; 102 per cent. of the principal sum on September 1, 1919, or at any time thereafter prior to September 1, 1920; and 101 per cent. of the principal sum on September 1, 1920, or at any time thereafter prior to maturity. As provided in the collateral indenture, the holder of any one or more of the notes of this issue, upon surrender thereof (with all unmatured coupons) to the company shall be entitled to receive, and the company will deliver in exchange therefor, pledged bonds (bearing all unmatured coupons) for an aggregate principal amount which, when computed at 87½ per cent. thereof, will equal the aggregate principal amount of the notes so surrendered for exchange; scrip as described in the collateral indenture, bearing no interest but exchangeable in amounts of $1,000 for $1,000 principal amount of pledged bonds (bearing all coupons unmatured on the date of such exchange of such scrip), being deliverable for any fractional amount of a $1,000 pledged bond receivable by the noteholder upon any conversion as aforesaid, and an adjustment of cash to be made of any difference between the amount of interest accrued on the notes surrendered and the

2

amount of interest accrued on the pledged bonds delivered in exchange. Such conversion may be made by a noteholder at any time before maturity, provided that if any conversion is to be made on or after August 1, 1921, notice of such election to convert be given to the company prior to that date. In case of the happening of an event of default as specified in said collateral indenture, the principal sum of the notes of this issue may be declared, or may become, due and payable immediately as in said collateral indenture provided. No recourse for the payment of the principal of or the interest on this note shall be had against any officer, director or stockholder of the company under or pursuant to any statute or otherwise, any and all such liability, now existing or hereafter created, being waived by the holder of this note by the acceptance hereof. This note shall pass by delivery, unless it is registered in the owner's name at the office or agency of the company in the Borough of Manhattan, City of New York, and such registration is noted hereon by the registrar. After such registration no transfer shall be valid unless made by the registered owner, in person or by attorney, and similarly noted hereon by the registrar; but this note may be discharged from registry and its transferability by delivery be restored by like transfer to bearer noted hereon, after which it may again from time to time be registered or made transferable to bearer as before. Such registration, however, shall not affect the negotiability of the coupons, which shall continue to be transferable by delivery merely. This note shall not become or be obligatory for any purpose until the certificate of authentication indorsed herein shall have been signed by the trustee. In witness whereof, Interborough Rapid Transit Company has caused this note to be signed in its name by its president or a vice-president, and its corporate seal to be affixed hereto and to be attested by its secretary or an assistant secretary, and coupons for said interest bearing the engraved facsimile signature of its treasurer to be attached hereto, all in the City of New York, N. Y. Dated the first day of September, A. D., 1918. Interborough Rapid Transit Company. By W. A. Anderson, Vice-President. Attest: J. C. Norris, Assistant Secretary. (Seal of Interborough Rapid Transit Company.) (Trustee's certificate.) This note is one of the notes described in the within-mentioned indenture. Bankers Trust Company, Trustee. By (an) Assistant Secretary." There is no allegation in the answer that the matter set forth in the collateral indenture appears upon the face of the notes. In *Rothschild* v. *Rio Grande Western R. Co.*, 84 Hun, 103; affd., 164 N. Y. 594, where the trust agreement contained provisions almost identical with those pleaded in the answer in the case at bar, it was held:

" In the construction of contracts ambiguous phrases are to be taken most strongly against the covenantor whose words they are. The bonds issued by a corporation and the trust deed or mortgage given by it to secure the same are to be construed together; but in case there is any ambiguity in any of the provisions of the mortgage, such ambiguity must be construed against the corporation. In case the bonds and trust deed contain wholly inconsistent provisions, those contained in the bonds must prevail over those contained in the deed. The provisions of the bonds meet the eye of the purchaser and are designed by the corporation to influence their sale, and they cannot be nullified by an inconsistent provision contained in the trust deed. If the bonds contain an absolute promise to pay definite sums on specific dates, a right of action in case of failure to pay is implied, and a provision of the trust deed given to secure such bonds restricting such right is utterly inconsistent with the provisions of the bonds, which in such case must prevail." *Watson* v. *Chicago, Rock Island & Pacific R. R.*, 169 App. Div. 663, is not in conflict with the doctrine laid down in the *Rothschild Case, supra.* In the *Watson* case the principal of the bonds did not become due until November 1, 2002. On the default in the payment of interest, the trustee under the trust deed declared the whole amount on all of the outstanding bonds due and payable, and brought suit to foreclose the mortgage in the United States District Court, where it obtained a decree of 'foreclosure and also a personal judgment against the defendant. Under these conditions the court held that inasmuch as the trustee had acted for the benefit of the bondholders and actually proceeded to and did sue on all the outstanding bonds, an individual bondholder may not bring an action, the court saying (at p. 671): " To read the last clause of that paragraph as an independent provision giving the bondholders individual rights *when their trustee has acted in their interest and for their benefit,* is to tear it bodily from its context and involves a complete misconception of the language, intent and purpose thereof. I am quite satisfied that the trustees having acted no independent action by a bondholder upon his bond can be maintained. The provisions for accelerating the time of payment upon default contained in the trust deed prescribed precisely what should be done. That course has been followed and a judgment has been entered by the plaintiff's trustees, which includes this obligation." Again (at p. 673) the court says: " Section 449 of the Code of Civil Procedure provides that the trustee of an express trust may sue without joining with him those for whose benefit the action is prosecuted. And it is expressly provided in the trust agreement at bar that the trustee in his own name and as trustee

of an express trust shall be entitled to recover judgment for the whole amount so due and unpaid." At page 674 the court continues: "The decree of the federal court was not only a judgment *in rem* against the mortgaged property, but it was a judgment *in personam* against the defendant company. The trust agreement not only contained an express covenant to pay the whole of the debt represented by the outstanding bonds, but also expressly authorized the trustee both to foreclose the lien and to enforce payment of the bonds, and, in addition thereto, it contains an express provision for the enforcement of any deficiency which might remain after the sale of the mortgaged property. The decree entered provided for ascertaining the deficiency and the entering of judgment therefor and the issuance of execution for its enforcement." In the instant cases it is not contended that the trustee has taken any action to foreclose the security or that it brought an action on the notes in question here, and for this reason the *Watson Case, supra,* is clearly distinguished from the cases at bar. The case of *Batchelder* v. *C. G. W. Co.,* 131 N. Y. 42, is also not in point because in that case suit was brought to recover the principal before it was due in default of interest. The court held that the right to declare the whole amount due and payable is in the trustee. The instant cases are controlled by the *Rothschild Case, supra.* See, also, *Jones* v. *Condee,* 6 Johns. Ch. 77; *Wadsworth* v. *Lyon,* 93 N. Y. 201; *Kimber* v. *Gunnell Gold M. & M. Co.,* (C. C. A.) 126 Fed. Rep. 137; *New York Trust Co.* v. *Michigan Traction Co.,* 193 Fed. Rep. 175; *Elder* v. *Rouse,* 15 Wend. 218; *Rossiter* v. *Merriam,* 24 L. R. A. (N. S.) 1095, and note to same; 27 Cyc. 1274. If it was intended by the answer to raise the defense that the plaintiff is not the real party in interest the defense as pleaded is insufficient. It is not clear that it is intended to make this defense. It may be that the allegations in that regard were merely intended as matter of inducement to the defense of the pendency of the federal suit. The only statements in the answer tending to present this defense, quoted from paragraph 9 of the amended answer in the *General Investment Company* case, are the following: "That General Investment Company, the plaintiff named in the complaint herein, is not the real party in interest or the proper party plaintiff; that one Clarence H. Venner is the president of said General Investment Company and verified the complaint in this action as such president; that said Clarence H. Venner is also the president of Continental Securities Company, the pretended party plaintiff in said action pending in the United States District Court, and verified the complaint in said action as president; that said Clarence H. Venner dominates and controls both corporations; that said Venner is the

real party in interest in this action. * * * " A similar allegation is contained in the answer in each case. A mere allegation in a pleading that a party to an action is not the real party in interest states only a conclusion of law; to present the defense, facts must be alleged, such as if established by proof would enable the court to say, as matter of law, that the party is not the real party in interest. *Russell* v. *Clapp,* 7 Barb. 482; *Bentley* v. *Jones,* 4 How. Pr. 202; *White* v. *Drake,* 3 Abb. N. C. 133; *Hammond* v. *Earle,* 58 How. Pr. 426; *Wenk* v. *City of New York,* 82 App. Div. 584, 588. The allegations that the plaintiff's president is also the president of another corporation and that he dominates and controls both corporations do not support the legal conclusion that he and not the plaintiff is the real party in interest. These averments do not challenge the plaintiff's ownership of the notes nor the plaintiff's status as a legal entity. There is not warrant for any assumption that Venner and the two companies are one legal entity. *Buffalo L., T. & S. D. Co.* v. *Medina Gas Co.,* 162 N. Y. 67; *Humphreys* v. *McKissock,* 140 U. S. 304; *Richmond & I. Const. Co.* v. *Richmond N. & B. R. R. Co.,* 68 Fed. Rep. 105; *Pullman Car Co.* v. *Missouri Pacific Co.,* 115 U. S. 596. The notes are payable to bearer; they are in plaintiff's possession and are produced by the plaintiff. Payment thereof to the plaintiff will protect the defendant from the claims of third parties, and that is the test as to whether the plaintiff is the real party in interest. *Meinhardt* v. *Excelsior Brewing Co.,* 98 App. Div. 308, 311; *St. James Co.* v. *Security Trust & L. Ins. Co.,* 82 id. 242, 246; affd., 178 N. Y. 560; *Peoples National Bank* v. *Rice,* 149 App. Div. 18; *Madison Square Bank* v. *Pierce,* 137 N. Y. 444; *Twelfth Ward Bank* v. *Brooks,* 63 App. Div. 220; *City Bank of New Haven* v. *Perkins,* 29 N. Y. 554.

The pendency of a federal suit, as alleged in the second separate defense of the answer, even though between the same parties and for the same cause, is no defense to an action in the courts of this state, although the federal court is in the same district as the state court. *Curlette* v. *Olds,* 110 App. Div. 596; *Oneida County Bank* v. *Bonney,* 101 N. Y. 173; *Litchfield* v. *City of Brooklyn,* 13 Misc. Rep. 693; *Borden's Condensed Milk Co.* v. *Baker,* 177 Fed. Rep. 906; *Snyder* v. *De Forest Wireless Telegraph Co.,* 154 id. 142; 1 C. J. 87, § 122. The federal suit here pleaded is not between the same parties nor for the same cause. To make the defense of another action pending the other action must be between the same parties and for the same relief. *Gerry* v. *Webster,* 11 Hun, 429; *Cobb* v. *Cullen Bros. & Lewis Steel Co.,* 68 App. Div. 179; *Raven* v. *Smith,* 71 Hun, 197. The requirement that it must appear that the first action is for the same cause as the second is strictly enforced. *Dawley* v.

*Brown,* 79 N. Y. 390, 398.  As appears by the bill of complaint, a copy of which is made part of the papers, the plaintiff in the federal suit is the Continental Securities Company, a plaintiff here.  This defendant is not the only defendant in the federal suit; there are other defendants having an interest in the property of this defendant and in the securities conveyed by it, in trust, for its creditors and bondholders.  The suit itself is a stockholders' representative action.  The plaintiff there sues in its capacity as a stockholder, not in its own right, but in the right of the defendant.  That suit is not based upon the notes here in suit nor upon any of the notes in the same series.  The plaintiff in its bill in that case has referred to the ownership of some notes, but that allegation was collateral and incidental.  There was no demand in that complaint for judgment on the notes.  The relief prayed for in the federal court was for the protection of all stockholders similarly situated and for the preservation of the corpus of the estate, but not for judgment on the notes.  *Stannard* v. *Hubbell,* 123 N. Y. 520; *Silverstein* v. *Silverstein,* 218 id. 525; *House* v. *Lockwood,* 137 id. 259.

The second defense is insufficient on its face and presents no issue.  The testimony in support thereof which the defendant purposes to take is, therefore, irrelevant and not material or necessary to the defense of the action.  The defense being insufficient in law, the only issue presented by the pleadings is the plaintiff's ownership of the notes.  That is conclusively established by the affidavit showing the purchase of the notes in the open market for value; the presentment of the notes for payment by the plaintiff at the office of J. P. Morgan & Co., where they were made payable by their terms; the inspection and counting thereof by the representative of that firm when he refused to pay them on the ground that they were without funds with which to make such payment.  That firm, by the terms of the note, was the defendant's agent, and the knowledge of that firm that the notes were presented is knowledge by the defendant of the plaintiff's ownership of the notes, which is further conclusively established by their production in court upon this motion.  The motion for summary judgment is a new remedy, under rule 113, and the very fact that it is based upon a different rule from the motion for judgment on the pleadings is in itself sufficient evidence that the remedies are distinct.  Moreover, a motion for judgment on the pleadings may be made in any case, but a motion for summary judgment is permitted in the limited class of cases specified in the rule, to wit, to recover a debt or liquidated demand arising (1) on a contract, expressed or implied, sealed or unsealed, or (2) on a judgment for a stated sum.  The very purpose of the new rule was to prevent the delaying of judgment

by a denial, good on its face, but without actual support in fact. Such a denial was and still is sufficient to defeat a motion for judgment on the pleadings, but it will not suffice to defeat a motion for summary judgment when the plaintiff, in support of his motion, makes satisfactory proof of the cause of action, and the defendant fails to show, by affidavit or other proof, such facts as may be deemed sufficient to entitle him to defend. I fully concur in the views expressed by Mr. Justice Kapper at Kings County Special Term, Part I, in *Appelbaum* v. *Gross*, 117 Misc. Rep. 140, in which the court says: " I think the rule accomplishes a needed reform in the domain of the law. It may be drastic, even revolutionary, in the changes effected in our judicial procedure, but we should not overlook benefits conferred upon a creditor in the contemplation of a fancied hardship imposed upon the debtor. The purpose of the English rule, which finds its counterpart in our Rule 113, was to enable a creditor speedily to obtain a judgment by preventing the interposition of unmeritorious defenses for purposes of delay." The application of the rule does not deprive the defendant of its constitutional right to a jury trial. That right exists only if there is conflicting evidence on a material issue which might be submitted to a jury. All that the rule requires is that the defendant shall show that it has such evidence. Upon such a showing the court cannot pass upon the conflict thus created. However false, in the opinion of the court, such evidence might be, it would have to be presented to the jury, because that would be the defendant's constitutional right; but before the defendant can assert that right the rule requires him to show that he has such evidence. Failing to show it, his right to a jury trial is not invaded, because there is nothing to be tried by a jury. Nor is the defendant entitled to a jury trial by merely persisting in his denials and defenses. " The plaintiff is, however, applying for judgment not because the pleadings do not raise a technical defense, but because as a matter of fact, and entirely aside from the pleadings, it maintains that the defendant has no defense. Since the Civil Practice Act has gone into effect a defendant sued in an action to recover a debt or liquidated demand arising on a contract can no longer delay entry of a judgment merely by interposing an answer which technically is sufficient to raise an issue of fact, where the plaintiff by proper affidavit shows *prima facie* that there is no valid defense to the action and the defendant does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient " to entitle him to defend. *Davison Coal Co., Inc.,* v. *Interstate Coal & Dock Co.,* N. Y. L. J. Nov. 10, 1921. The affidavit submitted in opposition to the motion does not show that the

defendant has any proof to overcome the plaintiff's evidence of its ownership of the notes upon which suit is brought. The defendant, therefore, has not met the condition imposed by the rule to entitle it to defend, and as the denials in the answer are thus found to be without support, and the defenses are insufficient in law, the motion for summary judgment under the Civil Practice Act should be granted. See *Textra* v. *Smith*, N. Y. L. J. Oct. 27, 1921; *Stern* v. *Zeno*, 116 Misc. Rep. 661; *Peninsular T. Co.* v. *Greater Britain Ins. Co.*, N. Y. L. J. Nov. 16, 1921. In the case in which Venner himself is plaintiff it is not even necessary to consider the claim of *res adjudicata*, for there was no motion in that case to strike out any portion of the answer; and the motion for judgment on the pleadings was withdrawn, so that in that case not only has the sufficiency of the defenses never before been considered or determined, but the question has never before been even presented to the court. The same situation exists in the second suit of the General Investment Company. In that case no motion was made for judgment on the pleadings, and the motion to strike out a portion of the answer was withdrawn on the service of an amended answer omitting the objectionable matter. In those two cases, therefore, there is not even a technical claim of *res adjudicata* to obstruct the granting of summary judgment. I do not deem the facts shown by defendant sufficient to entitle it to defend, and the motion in each case is, therefore, granted upon both branches; the notice of taking testimony is vacated and summary judgment is directed for plaintiff, with ten dollars costs of motion in each case.

Ordered accordingly.