BERTHA HERNANDEZ, as Executrix, etc., of JOSEPH E. HERNANDEZ, and WILLIAM C. ROBINSON, Plaintiffs, *v.* BROOKDALE MILLS, INC., Defendant.

Supreme Court, New York Special Term, December, 1922.

Practice — amendment of complaint — action begun prior to 1921 — when proposed amendment is not in the interest of justice — Civil Practice Act, § 213.

Where plaintiffs, who have given no security for costs and whose responsibility is doubtful, began an action in 1918 against defendant as vendor for breach of contract to sell goods, and three trials and two appeals have been had and a considerable amount of costs awarded defendant " to abide the event," plaintiffs will not now be permitted to bring in additional parties and amend their complaint so as to allege that defendant represented it was acting in the sale as agent of the new defendants and had full authority to make contracts on their behalf and that plaintiffs are in doubt as to the existence of the alleged agency.

The proposed amended complaint seeks to hold the original defendant liable, if at all, only on the theory of breach of warranty of its authority as agent and to give plaintiffs permission so to amend would not be in the interest of justice.

It seems that under section 213 of the Civil Practice Act the court would have power to grant the relief asked for in a proper case and that under the new procedure a complaint in the proposed form would be good.

MOTION to bring in additional defendants.

*Bernard H. Arnold,* for plaintiffs.

*Elbridge L. Adams,* for defendant Brookdale Mills, Inc.

*Leon Victor Roudin,* for proposed defendant Edward F. Gros.

MARSH, J. This is a motion to bring in additional defendants and permit the service upon them of a supplemental summons and of a complaint. The proposed complaint is designated neither as a supplemental nor as an amended complaint, although it is radically different from the original complaint in the action, as will be shown hereafter. There is no indication either in the order to show cause or in the moving affidavit of a request for leave to amend as against the original defendant, but as two complaints obviously cannot be permitted to stand simultaneously the technicality will be overlooked and the motion considered as embracing a request for leave to amend. There is no objection to combining the amendment with the issuance of a supplemental summons in one motion (Civ. Prac. Act, § 117), provided each kind of relief is separately permissible. The action was originally instituted against the Brookdale Mills, Inc., to recover from the defendant damages for breach of a contract to sell and deliver certain merchandise of the plaintiffs. Three trials have been had, one of which was declared a mistrial by the trial court, and upon each of the

other two the plaintiffs recovered a verdict in excess of $500,000, the judgments entered upon which were in both cases reversed on appeal. *Hernandez* v. *Brookdale Mills, Inc.*, 194 App. Div. 369, 380; 201 id. 325. Upon these trials and appeals the defendant contended that in making the contract sued upon it had acted only as agent for a disclosed principal and, therefore, was not liable. In the new complaint now sought to be served it is alleged that the original defendant represented that it was acting as agent of the new defendants now sought to be brought in and that it had full authority to make the contracts of sale on their behalf, but that the plaintiffs do not know and are in doubt as to whether such authority in fact existed, and, in any event, the merchandise has not been delivered and that they are entitled to damages either against the principals for breach of the contract or against the agent for misrepresentations and breach of warranty as to its authority.

Counsel for all parties admit that an action in the form set forth in the new complaint can now be brought under section 213 of the Civil Practice Act, which, as pointed out in the revisers' note printed therewith, is peculiarly applicable to transactions with an agent of a disclosed principal. The defendants oppose the present motion, however, on the grounds, *first*, that the said section is not applicable to this action, which was commenced in 1918, and, *second*, that as to the original defendant the plaintiff is seeking to set up an entirely new cause of action, which cannot be permitted by an amendment at this stage of the proceedings.

As to the first point, section 1569 of the Civil Practice Act provides that actions pending at the time of its taking effect shall be conducted in accordance with the old procedure, except that in the interest of justice any remedial provision of the new act may be applied if not inconsistent with the proceedings theretofore had. In *MacDonald* v. *Wills & Co., Ltd.*, 199 App. Div. 203, it is said that the words " any remedial provision " include any provision enacted for the purpose of simplifying the procedure to be followed in enforcing rights or redressing wrongs (p. 205). In *Columbus Trust Co.* v. *Upper Hudson E. & R. Co.*, 190 N. Y. Supp. 737, it is said that the phrase refers to provisions relating to remedies as contrasted with those relating to substantive rights. Both cases dealt with the procedure in examinations before trial. Section 822, Civil Practice Act, permitting additional affidavits to sustain an order of arrest, was held a remedial provision in *Auditore* v. *Cantanzaro*, 117 Misc. Rep. 253. So in regard to a motion for summary judgment under rule 113 (*Stern* v. *Zeno*, 116 Misc. Rep. 661) and a notice and demand for admissions under section 323 of the Civil Practice Act. *Koppel Industrial C. & E. Co.* v.

*Portalis & Co., Ltd.*, 118 Misc. Rep. 670. No preliminary motion is required for the application of these provisions to an old action. *Buehler* v. *Bush*, 200 App. Div. 206. The Appellate Division in the third department has laid down the general rule that " in actions and proceedings begun before October 1, 1921, but which may be in the courts for years to come, to avoid inconsistency and confusion and in the interest of justice, the provisions of the Civil Practice Act should be uniformly availed of whenever, without prejudice to accrued rights, they can be applied." *Eagle-Picher Lead Co.* v. *Mansfield Paint Co., Inc.*, 201 App. Div. 223, 226. In accordance with the spirit of the decisions which have been referred to, the mere fact of the commencement of this action before October 1, 1921, does not seem to prevent recourse to section 213 of the Civil Practice Act. The decision in *Lyon* v. *Pennsylvania R. R. Co.*, 119 Misc. Rep. 380, merely holds that the enactment of that section did not cure a complaint which had been demurred to previously on the ground of misjoinder.

None of the remedial provisions of the new act, however, except article 9, are to be applied to actions pending before October 1, 1921, if such application is not " in the interest of justice." Civ. Prac. Act, § 1569. Both in connection with this point, and also irrespective of it, regard must be had to the fact that the plaintiffs on this motion are abandoning the causes of action which they have heretofore alleged against the original defendant as vendor, and seek now to hold it liable, if at all, only on the theory of breach of warranty of its authority as agent. It is obvious that the new cause of action is wholly inconsistent with the former, as the defendant could not at the same time be both principal and agent. If the case be considered under the Code of Civil Procedure there is at least some doubt whether such an amendment ought to be permitted under any circumstances. *Davis* v. *N. Y., L. E. & W. R. R. Co.*, 110 N. Y. 646; *Cordusi* v. *Pianisani*, 164 N. Y. Supp. 560. Where an election has been made between inconsistent rights and remedies it has been held to be final and beyond reconsideration. *Terry* v. *Munger*, 121 N. Y. 161. Plaintiffs argue that amendments should be granted more liberally under the Civil Practice Act. It is true that section 105 of that act and rule 166 apply even to actions pending on October 1, 1921. *Feizi* v. *Second Russian Ins. Co.*, 199 App. Div. 775. That case, however, does not seem to affect the law concerning the kind of amendments which can be allowed, merely holding that they may now be allowed upon the trial as well as on a motion at Special Term.

In so far as this appeal for leave to amend is now addressed

to the discretion of the court it may be treated as governed by the same considerations as the matter of applying section 213 of the Civil Practice Act to this action in the interest of justice. The two questions are analogous, if not identical. As above stated, the defendant, after three trials, has succeeded in defeating the plaintiffs' original contention, and costs in the amount of nearly $2,300 have been awarded to it " to abide the event." The affidavits show that it has expended over $25,000 in its defense. One of the plaintiffs is a non-resident and the other an executor, substituted for his testator since the commencement of the action. It was admitted by the plaintiffs on the argument that the estate has practically no assets other than this claim and will be unable to meet its liability for costs. The plaintiffs have heretofore defeated a motion to require security for costs, although one of them is a non-resident and the other an executor, on the ground that the original plaintiff was a resident. *Sullivan* v. *Remington Sewing Machine Co.*, 27 Hun, 270. The plaintiffs do not allege the discovery of any new facts or the occurrence of anything which has taken place since the action was commenced. With full knowledge of the facts they have for four years caused the defendant unusual embarrassment, annoyance and hardship. The motion is denied in the discretion of the court, with ten dollars costs. The plaintiffs' replying affidavits are rejected on the ground that they are immaterial and not because served without permission.

Ordered accordingly.