————— Brown, Plaintiff, *v.* Michigan Railroad Company, Defendant.

City Court of New York, Special Term, September 27, 1924.

Corporations — action to recover principal and interest on matured bond, one of series issued by defendant secured by trust mortgage — action not barred by provision in mortgage that bondholder could not maintain action that would affect or prejudice lien of mortgage.

An action by a bondholder to recover the principal and interest on a matured bond, one of a series of bonds issued by the defendant and secured by a trust mortgage, is not barred by a provision in the mortgage to the effect that a bondholder may not maintain an action upon the bonds or their interest coupons to affect, disturb or prejudice the lien of the mortgage or to enforce any right thereunder.

Action to recover the principal and interest on one of a series of bonds issued by the defendant.

————— —————, for the plaintiff.

————— —————, for the defendant.

Meyer, J.:

This is an action brought to recover the principal and interest upon one of a series of bonds issued by the Michigan Railroad Company, which bonds were all dated May 1, 1919, and expired May 1, 1924. At the time of the execution of the bond there was delivered simultaneously therewith a certain mortgage to the Equitable Trust Company of New York, as trustee, and to the Michigan Trust Company, as trustee, which mortgage contained, among other things, the following provision:

" Section 60. No holder of any bond shall have the right to institute any suit, action, or proceeding at law or in equity upon, or in respect of, this indenture, or for the execution of any trust or power hereof, or for any other remedy under or upon this indenture

or of the bonds or interest coupons, unless such holder shall previously have given to the trustees written notice of an existing default, nor unless, also, such holder or holders shall have tendered to the trustees security and indemnity satisfactory to them against all costs, expenses, and liabilities which might be incurred in or by reason of such action, suit or proceeding, nor unless, also, the holders of at least 25 per cent in aggregate principal amount of the bonds then outstanding shall have requested the trustees in writing to take action in respect of such default, and the trustees shall have declined to take such action, or shall have failed so to do within 30 days thereafter; it being understood and intended that no holder of any bond or interest coupon shall have any right in any manner whatever to affect, disturb or prejudice the lien of this indenture by his action, or to enforce any right hereunder, except in the manner herein provided, and that all proceedings hereunder shall be instituted, had, and maintained in the manner herein provided and for the equal benefit of all holders of outstanding bonds."

Upon the face of the bond there appears these provisions:

" The Michigan Railroad Company, a corporation organized and existing under the Laws of the State of Michigan (hereinafter called the ' company '), for value received, hereby promises to pay to bearer, or, if this bond be registered, to the registered holder thereof, the sum of one thousand dollars on May 1, 1924, and to pay interest thereon at the rate of 6 per cent per annum from the date hereof, semiannually on November 1 and May 1 in each year. Until the maturity of this bond such interest shall be payable only upon presentation and surrender of the attached interest coupons as they severally mature. This bond is one of a duly authorized issue of bonds of the company, known as its first mortgage five-year gold bonds, limited to the aggregate principal amount of $10,000,000, issued and to be issued under and, irrespective of the time of issue, equally secured by a mortgage or deed of trust, dated May 1, 1919, executed by the company to the Equitable Trust Company of New York and the Michigan Trust Company, as trustees, to which mortgage reference is hereby made for a description of the property mortgaged and pledged, the nature and extent of the security and the rights of the company and the trustees and the holders of the said bonds in respect thereto. In case of default by the company, as set forth in the said mortgage, the principal of all the said bonds may be declared, or may become, due and payable in the manner and with the effect provided in the said mortgage."

In my opinion there is nothing contained, either in the bond or in the mortgage, which prevents the maintaining of this action in this

form.  Section 60 specifically provides that no action can be brought " at law or in equity upon   *   *   *   the bonds or interest coupons *   *   *   to affect, disturb, or prejudice the lien of this indenture, *   *   *   or to enforce any right hereunder, except," etc.  It surely cannot be contended that this action does any of these things, and, even assuming that that might be open to question, the bondholder receives no notice of the existence of any such clause in the mortgage. The only provision in the bond calling the attention of the owner to specific clauses in the mortgage are set forth above, and relate solely to the description of the property mortgaged and pledged, the nature and extent of the security, and the rights of the company and the trustees and the holder of said bonds in respect thereto.  There is nothing on the face of the bond to show that there is any provision in the mortgage preventing the owner of any bond from maintaining an action at law for the money when the same becomes due.  *General Inv. Co.* v. *Interborough R. T. Co.*, 200 App. Div. 794; affd., 235 N. Y. 133.)

For these reasons I am of the opinion that plaintiff is entitled to judgment against the defendant for the relief demanded in the complaint.

Order signed.