——————— RUDICK, Plaintiff, *v.* ULSTER AND DELAWARE RAILROAD, Defendant.*

Supreme Court, New York County, October 10, 1928.

*N. B. Bernstein,* for the plaintiff.

*Hughes, Schurman & Dwight,* for the defendant.

CALLAHAN, J. The sole question involved herein is the construction of the provisions of the bonds sued upon. The action is one at law brought by the owner of several bonds to recover the amount thereof after default in the payment of principal. Each bond contained after the usual promise to pay, unconditional in phraseology, the provision that it was one of a series of designated number, " secured by and subject to the terms and conditions of a mortgage " described in the bond. This mortgage was executed to a trustee in the customary manner, and contained numerous provisions as to the rights and duties of the trustee. The eleventh clause of the mortgage sets forth the circumstances under which the trustee may foreclose the mortgage, and then provides: "And it is expressly agreed that no holder of any bonds secured by this mortgage shall have the right to institute any action or proceeding at law or in equity for the collection of the principal or interest of said bonds * * * unless the holders of one-third of the outstanding bonds shall first give notice in writing to the trustee of the occurrence of

* See *contra, Enoch* v. *Brandon* (249 N. Y. 263).

default in the payment of principal or interest of said bonds * * * by reason of which the right to foreclose this mortgage has accrued, and shall request the trustee to take such action and afford the trustee reasonable time and opportunity to comply therewith. * * * " No claim is made by the plaintiff that the conditions in the mortgage above enumerated have been complied with. The plaintiff contends that the right to sue at law on the primary obligation of the bond is not made dependent on compliance with the conditions recited above. He bases his contention on two grounds: *First*, that the reference contained in the bond to the provisions in the mortgage was intended to be confined to actions to enforce the security afforded by the mortgage and not to actions based on the primary promise to pay; and, *second*, that, assuming that the restrictive condition contained in the mortgage attempts to limit the right of the holder to sue at law on a default, then it is inconsistent with the absolute terms of the bond, and must fall in face of such absolute promise to pay. The court, appreciating the rules of construction in favor of the extension of the rights of the bondholder, and in support of negotiability of such instruments, cannot agree with the views of plaintiff. To do so would require a complete disregard of the plain language of the instruments involved. The bond on its face states that it is secured by and subject to the terms and conditions of the mortgage. This is as much a part of the bond as the promise to pay. The eleventh clause of the mortgage does refer in large part to the conditions precedent to actions to foreclose the mortgage and enforce the security thereof. Again, however, the language thereof plainly states that no holder shall have the right to institute any action at law or in equity for the collection of the principal or interest unless the trustee is first requested to foreclose by a certain number of the bondholders. This language cannot be given due force if a construction is to be placed on it limiting its meaning to actions to enforce the security of the mortgage. The authorities plaintiff cites other than a recent one at Special Term of this court do not involve the consideration of instruments with provisions similar to the bonds in suit. In *General Investment Co.* v. *Interborough Rapid Transit Co.* (200 App. Div. 794) the holders of the notes involved were merely limited by the terms of the indenture to the right to commence suit for the enforcement of the indenture. There was no restriction against an action at law.

In *Rothschild* v. *Rio Grande Western R. Co.* (84 Hun, 103) the restriction was solely against suits for obtaining possession of or securing a sale of the trust property involved. The cases referring to instruments affecting the obligation to pay and not merely the

time when, or conditions under which the legal remedy by an individual bondholder may be pursued have no application. I regret that I cannot arrive at the same conclusion reached by my learned colleague who considered a prior motion similar in character; but, having determined that a construction of the instrument in suit and a consideration of the authorities in point require me to a contrary finding, I do not feel that that decision must be held controlling.

The motion is denied. Order signed.