GEORGE H. MITCHELL, Plaintiff, *v.* MADISON AVENUE OFFICES, INC., Defendant.

City Court of New York, New York County, April 3, 1933.

*MacNeil Mitchell*, for the plaintiff.

*Platt, Taylor & Walker* [*Eli J. Blair* of counsel], for the defendant.

LA FETRA, Ch. J. This is a motion by plaintiff for summary judgment. The action was commenced by the holder of three mortgage bonds and interest coupons attached thereto, to recover the principal and interest thereof, after demand for payment and dishonor by the defendant. Each bond recited it was one of a series issued " under the provisions of and equally secured by a Second Mortgage Trust Agreement or Indenture of Mortgage, bearing even date herewith, duly executed, acknowledged, delivered and recorded, mortgaging and conveying to the Guaranty Trust Company of New York, as Trustee, and its successor or successors in trust, all of the property, personal, real or mixed, of every nature and kind, described in the Second Mortgage Trust Agreement or Indenture of Mortgage, to which Second Mortgage Trust Agreement or Indenture of Mortgage reference is hereby made for a description of the property and rights mortgaged, the nature and extent of the security, the rights of the holders of bonds under the same, and the terms and conditions upon which said bonds are secured. If default shall be made in the payment of the interest on this bond or in the payment of the principal of bonds maturing from time to time, or in the performance or observance of any of the covenants, obligations and agreements in said Second Mortgage

Trust Agreement or Indenture of Mortgage, then the principal of this bond may be declared and become due and payable on the conditions and in the manner and at the time provided in said Second Mortgage Trust Agreement or Indenture of Mortgage." The trust agreement provides as follows: " Every holder of any of the bonds hereby secured, including pledgees, accepts the same subject to the express understanding and agreement that every right of action, whether at law or in equity, upon or under this Indenture, is vested exclusively in the Trustee as Trustee of an express trust, and under no circumstances shall the holder of any bond or coupon, or any number or combination of such holders, have any right to institute any action at law upon any bond or bonds or any coupon or coupons, or otherwise or any suit or proceeding in equity or otherwise, except in case of refusal on the part of the Trustee to perform any duty imposed upon it by this Indenture after request in writing by the holder or holders of at least twenty-five per cent (25%) in amount of said bonds as aforesaid. No action at law or in equity shall be brought by, or on behalf of, the holder or holders of any bonds or coupons, whether or not the same be past due, except by the Trustee or by the requisite number of bondholders acting in concert under the provisions of this section for the benefit of all bondholders." It further declared it was for the equal and proportionate benefit and security of all holders of the bonds and interest coupons, and under and subject to the provisions and conditions therein set forth, without preference, priority or distinction, as a lien or otherwise, of any of the said bonds over any of the others by reason of priority of time of issue or negotiation thereof or date of maturity, or otherwise.

The recitals in the bonds clearly indicate to the holders that their only remedy upon default and dishonor is controlled by the terms of the trust agreement. Neither the bonds nor coupons contain an absolute promise to pay. The promise is qualified and conditional. Each bond provides in case of default that " the principal of this bond may be declared and become due and payable on the conditions and in the manner and at the time provided in said Second Mortgage Trust Agreement or Indenture of Mortgage." In *McClelland* v. *Norfolk Southern R. R. Co.* (110 N. Y. 469) like instruments were under consideration. The bonds recited that they were " secured by a deed of trust or mortgage." In the opinion Chief Judge RUGER spoke (p. 474) as follows: "The reference in the coupons to the mortgage and bonds, and in the bonds to the terms and conditions of the mortgage, clearly, we think, charges the holders of both coupons, and bonds, with notice of the

provisions contained in each of such instruments." (See, also, *Batchelder* v. *Council Grove Water Co.*, 131 N. Y. 42, 46; *Lidgerwood* v. *Hale & Kilburn Corporation*, 47 F. [2d] 318; *McClure* v. *Township of Oxford*, 94 U. S. 429; *Crosthwaite* v. *Moline Plow Co.*, 298 Fed. 466; *Rudick* v. *Ulster & Delaware R. R.*, 147 Misc. 637.) In *General Investment Company* v. *Interborough Rapid Transit Co.* (200 App. Div. 794, 800) and in *Brown* v. *Michigan Railroad Co.* (124 Misc. 630) the promises in substance were held to be absolute. The holders of the notes and coupons in the first case were referred to the trust agreement " for a description of the nature and extent of the security and the rights of the holders of the Notes and coupons and of the Trustee *in respect of such security.*" In the second, the bondholders' attention was directed to the trust agreement for " the nature and extent of the security, and the rights of the company and the trustees and the holders of said bonds in respect thereto." In other words, the holders had an election of remedies, either to foreclose under the trust agreement, or to commence an action at law to recover past due principal and interest. Plaintiff seems to place particular stress upon the case of *Enoch* v. *Brandon* (249 N. Y. 263). The issues there are distinguishable from those in the case at bar. There the question was as to the transfer of certain bonds. There the owner sought judgment against a holder who had obtained title " in due course from a thief." The decision involved the interpretation of section 20 of the Negotiable Instruments Law. Here we have under consideration the rights and remedies of the mortgagor and the trustees, intermingled with those of the bond and coupon holders, which call for the interpretation of ordinary contracts, couched in plain and unambiguous language.

The motion by plaintiff for summary judgment as against the defendant is denied, with costs to the defendant. Settle order on notice.