MILTON L. ERNST and Others, Plaintiffs, *v.* FILM PRODUCTION CORPORATION, Defendant.

Supreme Court, New York County, April 12, 1933.

*House, Holthusen & McCloskey* [*Victor House* of counsel], for the plaintiffs.

*Cravath, de Gersdorff, Swaine & Wood* [*William D. Whitney* of counsel], for the defendant.

VALENTE, J. Plaintiffs are holders of bonds of Paramount Publix Corporation to the extent of $2,000 out of a total outstanding issue of $12,000,000 and $10,000 out of a total of $13,000,000 outstanding. The two issues are secured by indentures issued to a trustee for the benefit of all the bondholders and providing that no action under the indentures may be maintained unless a prior ineffective demand has been made upon the trustee by the holders of twenty-five per cent in amount of the outstanding bonds. Plaintiffs have brought an action to set aside as fraudulent a con-

veyance of certain contracts and properties of Paramount Publix Corporation to the present defendant. In connection with this action the instant motion is made for a receiver *pendente lite* of the property alleged to have been fraudulently conveyed. Defendant in opposing the motion for a receiver has set up as a defense the failure of plaintiffs to make the prior demand upon the trustee on behalf of twenty-five per cent of the bonds outstanding to bring the action. If plaintiffs have no capacity to bring an action under the indenture, the question arises whether under the present form of action they may obtain a receiver *pendente lite?* They support their right to bring an independent action on their bonds, regardless of the provisions of the indenture, by reference to *General Inv. Co.* v. *Interborough Rapid Transit Co.* (200 App. Div. 794; affd., 235 N. Y. 133). In that case the right of an individual holder of a note secured by a collateral indenture issued to a trustee for the benefit of all holders to bring an action at law to recover on the primary obligation was sustained, regardless of the fact that the indenture prohibited individual holders from bringing an action under the indenture. Plaintiffs explain that they are not attempting an action under the indenture, but under the Debtor and Creditor Law. If they had brought an action at law to recover on the bonds in their own behalf, the analogy with the *Interborough Case* would have been complete. But they have instituted no such suit. What they seek is a receiver *in a representative action* to set aside a transfer as fraudulent. The nature of their action shows that they are presuming to speak for all the bondholders and not for themselves alone. They are attempting to protect their rights under the indenture, but to be permitted to do so they must not contravene its terms. The Debtor and Creditor Law offers in the main merely an auxiliary remedy to prevent the destruction of a creditor's primary claim against the debtor. In the instant case the plaintiff's primary claim is on bonds. As creditors they have a perfect right on their own behalf to bring an action to collect the amount of their debt, ignoring the provisions of the collateral indenture. In connection with this action they may even invoke the auxiliary remedies provided by the Debtor and Creditor Law. But whether the court in such a case, to protect rights involving a few thousand dollars, will appoint a receiver for property involving perhaps several millions, is another question which furnishes its own answer. As soon as the plaintiffs presumed to speak for all other bondholders, they necessarily brought in the collateral indenture, their right to do which is challenged as a question of fact.

Accordingly, the motion for a receiver *pendente lite* is denied. Settle order.