S. RICHARD DAVIDGE, Plaintiff, *v.* LAKE PLACID COMPANY (a New York Corporation), Defendant.*

Municipal Court of New York, Borough of Manhattan, First District, May 14, 1934.

---

* Revd., 152 Misc. 307.

*Ehrich, Royall, Wheeler & Walter*, for the plaintiff.

*Lewis & Kelsey*, for the defendant.

Lewis, David C., J.   The plaintiff is the owner and holder of a coupon bond issued by the defendant.

Some of the attached interest coupons matured; they were separated from the bond, presented for collection, and payment was refused. Thereupon this suit was begun. Query, is this coupon bond a negotiable instrument?

A dual question is presented: (1) The construction of the instrument.   (2) The intent of the parties.   And while the court considers both propositions, through one it finds the answer to the other.

The law of the State guides the construction.   The language of the instrument evidences the intent.

But the answer to the query must be gained from the four corners of the instrument.   (*Enoch* v. *Brandon*, 249 N. Y. 263, at p. 267.)

We know the essentials of negotiability.   The Negotiable Instruments Law speaks conclusively on that subject.   The difficulty is not with the law, but with its application.   The highest authorities repeatedly instruct us that if the terms of a bond make us look beyond its stated provisions for any of these essentials, or to determine whether or not its unconditional promise to pay at a fixed time is modified, then the bond is not a negotiable instrument.

The law permits a negotiable bond to contain references to a deed of trust or to some other document under which the bond is issued and secured, for the determination of the rights and remedies of the holder in or under such collateral agreement or trust mortgage. (See *Cunningham* v. *Pressed Steel Car Co.*, 238 App. Div. 624, at p. 626; affd., 263 N. Y. 671.)   But where such reference makes the matter or manner of payment or maturity dependent upon the terms and conditions of such other document, the bond thereupon loses its identity as a negotiable instrument.

This bond bears on its face something more than " the mere reference to the indenture for a statement of the rights of the holders." (*Cunningham* v. *Pressed Steel Car Co., supra.*) The bond reads: " In case of default on the part of the Lake Placid Company *either in payment of this bond* or interest accruing thereon, or otherwise, as stated in said mortgage or deed of trust, *this bond, principal and interest, shall become due and payable in the manner in said mortgage or deed of trust provided.*" (Italics mine.)

The contingency specifically covered is not restricted to a default in the payment of interest, but expressly includes a default in the payment of " *this bond or interest.*"   The bond further stipulates

that upon the default in the payment of this bond, then "this bond, *principal* and *interest,* shall become *due and payable in the manner.*"

Except for these provisions, the bond would become due and payable absolutely on the fixed date of maturity. But these provisions compel us to consult the deed of trust, to learn the manner in which *principal and interest shall become due and payable.* And this added feature modifies the unconditional promise to pay written on its face, and destroys its character as a negotiable instrument.

"'In case of default in the payment of any of the interest coupons attached to this bond in the manner provided in the trust deed and mortgage hereinafter mentioned, then and in that case the *principal* sum of this *bond shall become due in the manner* and with the effect provided in the said trust deed or mortgage.'

"Default having been made in the payment of the coupons, the plaintiff claims that the bonds became absolutely due and entitled him to enforce their payment in any way available to any holder of a past due obligation.

"This claim would, undoubtedly, be sustainable, provided each bond had stopped with the words 'the principal sum shall become due;' but it did not in fact stop there, but continued with the following qualifications of the previous sentence: '*in the manner* and with the effect provided in the said trust deed or mortgage.'

"It, therefore, becomes necessary to refer to the trust deed or mortgage to determine the extent and character of the qualifications; for it cannot be disputed but that this clause made the provisions of the trust deed an essential part of the contract between the bondholder and his obligor." (Italics mine.) (*Batchelder* v. *Council Grove Water Co.,* 131 N. Y. 42, at p. 45.) (See, also, *Enoch* v. *Brandon, supra; Old Colony Trust Co.* v. *Stumpel,* 247 N. Y. 538; *Hibbs* v. *Brown,* 112 App. Div. 214; affd., 190 N. Y. 167; *Mitchell* v. *Madison Avenue Offices, Inc.,* 147 Misc. 149.)

And while plaintiff's suit may be upon the coupons, it is the bond, not the coupons, that controls. The coupon may be clipped from the bond, yet that operation cannot make the coupon the determining factor. The dog's tail may be severed, but, on or off, it cannot wag the dog.

"'The coupon is simply a mode agreed on between the parties for the convenience of the holder in collecting the interest as it becomes due. Their great convenience and use in the interests of business and commerce should commend them to the most favorable view of the court; but even without this consideration, looking at their terms, and in connection with the bond of which they are a part, and which is referred to on their face, in our judgment it

would be a departure from the purpose for which they were issued, and from the intent of the parties to hold, when they are cut off from the bond for collection, that the nature and character of the security changes and becomes a simple contract-debt instead of partaking of the nature of the higher security of the bond which exists for the same indebtedness.'" (*McClelland* v. *Norfolk Southern R. R. Co.*, 110 N. Y. 469, at p. 476.)

Motion for summary judgment denied.