LAWRENCE H. FRIEDMAN, Plaintiff, *v.* AMERICAN-NATIONAL COMPANY, Defendant.

Supreme Court, Special Term, New York County, May 18, 1939.

*Harry H. Oshrin,* for the plaintiff.

*Elmer Levenson,* for the defendant.

SHIENTAG, J. The action is by the plaintiff, claiming to be the owner and holder of three bonds, each in the sum of $1,000, to recover the face amount thereof. The bonds sued upon contain on their face the following language:

" This debenture is one of a duly authorized issue of debentures of the company, for the aggregate principal amount of $1,500,000, all of which debentures have been issued or are to be issued under and in pursuance of and are to be received and held subject to a trust agreement dated October 1st, 1927, duly executed by the company to the Ohio Savings Bank & Trust Company as trustee, to which agreement reference is hereby made with the same effect as though herein set forth at length, and to all the provisions of which this debenture and the rights of the holder or registered owner are subject, and to which by the receipt hereof the holder or registered owner assents.

" All rights of action on this debenture and the annexed interest coupons, except as otherwise provided by said agreement, are vested in said trustee, and the enforcement thereof is governed by the provisions of said trust agreement."

The defendant resists payment and seeks to dismiss the complaint on the ground that the plaintiff is precluded by the indenture upon which the cause of action is predicated from bringing an action in his own name, and that such action must be brought by the trustee pursuant to the terms of the trust agreement referred to in the indenture itself. There has been considerable litigation in this jurisdiction with respect to this type of action. Although the rule applicable is not a difficult one, each instrument must be interpreted according to its terms. In *Cunningham* v. *Pressed Steel Car Co.* (238 App. Div. 624; affd., 263 N. Y. 671) the court held that the reference clause in the bond was vague and did not fairly place the bondholder on notice of any restriction upon defendant's obligation to pay at maturity so as to preclude action at that time by individual bondholders. The clause there under consideration provided: " This bond is one of an issue of bonds aggregating Six Million ($6,000,000.00) * * * all of like date and of like tenor * * * all of which bonds have been issued under and are equally secured by an Indenture dated December 20, 1932 between the Company and The New York Trust Company as Trustee, to which Indenture reference is hereby made for a statement of the rights of the holders of said bonds." The court said (at p. 626): " There being no definite restrictive language in the bond which inhibits the bondholder's right to enforcement of the obligation at maturity, any inconsistency between the bond and the indenture must be construed in favor of the bondholder."

Here, however, the situation is different, and one of the clauses above referred to contains " definite restrictive language " serving notice on the bondholder that all rights of action were vested in the trustee. Moreover, the clause in question refers solely to the debt and obligation, and makes no reference to any mortgage or other similar security, as the disputed clause in the case of *Cunningham* v. *Pressed Steel Car Co.* (*supra*). In addition, the affidavits show that the debentures are unsecured instruments.

Having thus been put upon proper notice, plaintiff is bound by the terms of the trust agreement, and since the complaint sets forth no facts showing that the plaintiff may prosecute the action in his own name, the complaint must be dismissed. (See *Craig* v. *Consolidated Cement Corp.*, 69 F. [2d] 613; *Batchelder* v. *Council Grove Water Co.*, 131 N. Y. 47; *Graglie* v. *Chambrook*, 147 Misc. 149.)

Accordingly, the motion of the defendant for summary judgment dismissing the complaint is granted. Settle order.